**Stephen STACKHOUSE, Appellant,**

**v.**

**Joseph MAZURKIEWICZ, Warden; Sgt. Knepp, C.O. II; William Quick, C.O. I; D.A. Leathers, C.O. III; A. Anderson, C.O. 1; Jesse Rush, IV, C.O. II; Tim Yutzy, C.O. Work Boss; Kunes C.O. Work Boss; Carrie Fromm, Institutional Psychologist; Rodriguez, C.O. I.**

**No. 91–5239.**

United States Court of Appeals, Third Circuit.

Submitted under Third Circuit Rule 12(6) Sept. 13, 1991.

Decided Dec. 11, 1991.

Rehearing Denied Jan. 9, 1992.

Stephen Stackhouse, pro se.

Ernest D. Preate, Jr., Atty. Gen., Linda C. Barrett, Deputy Atty. Gen., Calvin R. Koons, Senior Deputy Atty. Gen., John G. Knorr, III, Chief Deputy Atty. Gen., Chief, Litigation Section, Office of Atty. Gen., Harrisburg, Pa., for appellees.

Before SLOVITER, Chief Judge, and GREENBERG and COWEN, Circuit Judges.

OPINION OF THE COURT

GREENBERG, Circuit Judge.

Appellant Stephen Stackhouse, a former Pennsylvania state prisoner at the State Correctional Institution at Rockview, brought a civil rights action in the district court against various prison officials. His complaint raised numerous claims which we need not describe in detail. We simply point out that in general they assert that he was denied due process of law in disciplinary proceedings and that he was subjected to cruel and unusual punishment. The defendants filed motions for summary judgment and for dismissal to which Stackhouse did not respond as required by Middle District Rule 401.6. Consequently, the magistrate judge filed a report and recommendation that the motion to dismiss be granted and the district court by order of

February 13, 1991, adopted the report and recommendation and dismissed the action. Neither the magistrate judge nor the court addressed the merits of the complaint. Stackhouse appeals.

While we are not unmindful of the problems of the district court in dealing with a large volume of litigation, we nevertheless conclude that under *Anchorage Associates v. Virgin Islands Board of Tax Review*, 922 F.2d 168 (3d Cir.1990), this action should not have been dismissed solely on the basis of the local rule without any analysis of whether the complaint failed to state a claim upon which relief can be granted, as provided in Fed.R.Civ.P. 12(b)(6). Local Rule 401.6 should be understood to facilitate the court's disposition of motions rather than to impose a sanction for failure to prosecute or defend. *Anchorage Associates*, 922 F.2d at 174. In a similar situation involving a local rule in *Anchorage Associates*, we held that a district court should not have granted summary judgment solely on the basis that a motion for summary judgment was not opposed.

While we acknowledge that Fed.R.Civ.P. 12(b)(6) has no analog to the provision in Fed.R.Civ.P. 56(e), that if the adverse party does not respond to a motion for summary judgment the motion may be granted "if appropriate," we do not think that this distinguishes the rules for present purposes. The fact is that if a motion to dismiss is granted solely because it has not been opposed, the case is simply not being dismissed because the complaint has failed to state a claim upon which relief may be granted. Rather, it is dismissed as a sanction for failure to comply with the local court rule.

In reaching our result, we do not suggest that the district court may never rely on the local rule to treat a motion to dismiss as unopposed and subject to a dismissal without a merits analysis. There may be some cases where the failure of a party to oppose a motion will indicate that the motion is in fact not opposed, particularly if the party is represented by an attorney and in that situation the rule may be appropri-

ately invoked. Nor do we suggest that if a party fails to comply with the rule after a specific direction to comply from the court, the rule cannot be invoked. Thus, our holding is not broad.

We realize, of course, that we could make our own analysis of the complaint and, if we found that it failed to state a claim upon which relief could be granted, we could affirm on that basis. In fact we have done that and, while we are reluctant to comment on the merits of the case in its current posture, have concluded that it is possible that some aspects of the complaint might survive a motion to dismiss if addressed on the merits. In these circumstances, we conclude that the complaint should in the first instance be considered substantively by the district court.

The order of February 13, 1991, will be reversed and the matter will be remanded to the district court for further proceedings consistent with this opinion. The parties will bear their own costs on this appeal.