OPINION
SLOVITER, Circuit Judge.
Susan and John Shuey appeal from the District Court’s order dismissing their action filed against William G. Schwab, East Penn Township Supervisor, and Brian P. Horos and Alan W. Beishline, East Penn Township Police Officers (collectively, “East Penn”) because their counsel failed to timely respond to East Penn’s motion to dismiss under Fed.R.Civ.P. 12(b)(6). The District Court deemed counsel’s inaction to constitute agreement with East Penn’s motion and, in accordance with the District Court’s Local Rule 7.6, dismissed the Shueys’ complaint. The Court denied the Shueys’ motion for reconsideration, finding their counsel’s proffered reasons for delay insufficient.
Because the District Court failed to make a determination that dismissal was warranted based on the factors enunciated in Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 868 (3d Cir.1984), we will vacate the District Court’s order and remand for further proceedings.
I.
The Shueys filed a civil rights action in June 2008, alleging violations of the United States Constitution, 42 U.S.C. §§ 1983, 1985, and 1988, the Pennsylvania Constitution, and various state laws. The central thrust of the Shueys’ complaint is that two East Penn Township police officers used excessive force and unlawfully arrested and falsely imprisoned Mrs. Shuey, and that various Township officials are vicariously liable for the officers’ actions.
East Penn filed a motion to dismiss the Shueys’ complaint in July 2008. The Shueys failed to respond within fifteen days from the date of service of East Penn’s motion, as required by Middle District of Pennsylvania Local Rule 7.6.[1] The *632 District Court, by Order dated August 21, 2008, directed the Shueys to file a brief in opposition to Defendants’ motion to dismiss or “otherwise communicate with the Court,” and stated that if the Shueys failed to respond within fifteen days the Court “will consider the motion to dismiss unopposed and grant dismissal without a merits analysis.” App. at 79. The Court also stated that upon failure of Plaintiffs to oppose Defendants’ motions, it may consider dismissing for failure to prosecute and failure to comply with a court order under Fed.R.Civ.P. 41(b). After the Court’s deadline had expired and its warning went unheeded, the District Court, by Order dated September 9, 2008, 2008 WL 4186208, granted East Penn’s motion to dismiss without addressing the merits of the complaint. Even though the District Court noted that, typically, the adjudication of cases involving unopposed motions warrants a merits analysis, it held that an analysis was unnecessary here, l-elying on our statement in Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir.1991), that a dismissal without a merits analysis based on a local rule is not always precluded, especially after a court had issued an adequate warning and when a litigant is represented by counsel.
Two days after the dismissal order was entered, the Shueys moved for reconsideration. The Shueys urged the District Court to reconsider its dismissal because the failure to respond to the Court’s Order was caused by a “technology error.”[2] App. at 86. Counsel accepted “full responsibility for the error” and stated he was taking steps to prevent a recurrence. App. at 83.
The District Court denied the motion for reconsideration under Federal Rule of Civil Procedure 59(e). It rejected the Shueys’ argument that denying their motion would rise to a level of “manifest injustice.” App. at 7. Although counsel had proffered an excuse for his failure to respond to the Court’s order, the District Court complained that counsel never explained why Plaintiffs did not x-espond to the dismissal motion. The Shueys timely appealed.
II.
The Shueys contend that the Court either erred or abused its discx-etion by granting East Penn’s motion to dismiss without an analysis upon the merits.[3] We agx'ee.
Dismissals with prejudice are drastic sanctions. Poulis, 747 F.2d at 867 (setting forth factors district courts must consider before dismissing claims or refusing to lift default judgments). Accoi'dingly, “it is imperative that the District Court have a full understanding of the surrounding facts and circumstances pertinent to the Poulis *633 factors before it undertakes its analysis.” Briscoe v. Klaus, 538 F.3d 252, 258 (3d Cir.2008). Here, the District Court erred in denying the Shueys’ motion for reconsideration by relying on our dicta in Stack-house. In that case we stated that “we are not unmindful of the problems of the district court in dealing with a large volume of litigation,” 951 F.2d at 30, but we held that the action should not have been dismissed “without any analysis of whether the complaint failed to state a claim upon which relief can be granted.” Id. Poulis has been cited too often and is too deeply ingrained in the jurisprudence of this court and the district courts of this circuit for a court to assume that a party’s failure to respond to a motion to dismiss can be regarded as an abandonment of the claim. Poulis governs the District Court’s decision to dismiss the Shueys’ claim, and it was error to dismiss without first considering the Poulis factors.
For the reasons set forth, we will vacate the order of the District Court and remand for further proceedings.

. Local Rule 7.6 of the United States District Court for the Middle District of Pennsylvania provides as follows:
*632 Any party opposing any motion shall file a responsive brief, together with any opposing affidavits, deposition transcripts or other documents, within fifteen (15) days after service of the movant's brief, ... Any respondent who fails to comply with this rule shall be deemed not to oppose such motion.

. Counsel explained that the Court's electronically filed order was errantly tagged as "spam” in counsel’s e-mail system and therefore was never delivered. App. at 81. Counsel further explained that the misdirected order would have been discovered by counsel's support staff had they not been "on vacation” or otherwise "unavailable.” App. at 82.

. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Generally, this court will review a denial of a motion for reconsideration under an abuse of discretion standard. See North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1203 (3d Cir.1995). To the extent, however, that the District Court’s order is based on an interpretation of law, the issue is reviewed de novo. See Max’s Seafood Café v. Quinteros, 176 F.3d 669, 673 (3d Cir.1999).