**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3494
_____

ALTON D. BROWN,
                                        Appellant

v.

DAVID DIGUGLIELMO; SCOTT WILLIAMSON; FELIPE ARIAS;
WILLIAM BANTA; LIEUTENANT WHITE; LIEUTENANT JUDGE;
LIEUTENANT GIVEN; SERGEANT ZIMMERMAN; SGT. NAFUS;
SGT. COX; AND TWENTY-NINE JOHN AND JANE DOES
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 07-cv-03771 )
District Judge:  Honorable Anita B. Brody
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 24, 2011
Before:  BARRY, JORDAN and GARTH, Circuit Judges

(Opinion filed  March 21, 2011 )

_____

OPINION
_____

PER CURIAM

Appellant Alton Brown, a Pennsylvania state prisoner proceeding pro se, appeals

from the order of the United States District Court for the Eastern District of Pennsylvania dismissing his civil rights complaint. For the reasons that follow, we will vacate the judgment of the District Court in part, affirm in part, and remand for further proceedings.

The facts underlying the instant appeal are well-known to the parties, and thus are only briefly set forth here. In September 2007, Brown commenced an action under 42 U.S.C. § 1983 against various employees of the Pennsylvania Department of Corrections (hereafter referred to as the "DOC Defendants") who worked at the State Correctional Institution at Graterford, as well as the institution's physician, Felipe Arias, M.D. In an amended complaint filed in October 2008, Brown alleged that prison officials and Dr. Arias had been subjecting him to second-hand environmental tobacco smoke ("ETS") in violation of his rights under the Eighth and Fourteenth Amendments.

The DOC Defendants responded to Brown's complaint by filing a motion to dismiss or, in the alternative, for summary judgment. The DOC Defendants argued that Brown had failed to exhaust available administrative remedies, and had failed to allege sufficient personal involvement on the part of each of the DOC Defendants with respect to the ETS-related events. In a two-sentence order entered on March 19, 2009, the District Court granted the DOC Defendants' motion. The case proceeded against Dr. Arias, who likewise filed a motion to dismiss or, alternatively, for summary judgment. After considering Brown's opposition to Dr. Arias' motion, the District Court entered an order on July 27, 2009, granting the motion. In addressing the merits of Brown's

2

complaint, the District Court concluded that the evidence offered with respect to Dr. Arias' alleged actions in smoking in the Restricted Housing Unit ("RHU") or permitting others to smoke in his presence was insufficient to allow a reasonable fact-finder to conclude that Brown suffered an unreasonable risk of future harm from ETS exposure. The District Court thus granted summary judgment in favor of Dr. Arias, and denied Brown's request to stay summary judgment proceedings for continued discovery.

Brown's opposition was also construed by the District Court as a request to reconsider its order granting the DOC Defendants' motion. In support of that request, Brown argued that he never received the motion, and thus did not have an opportunity to file a response in opposition. Citing E.D. Pa. Loc. Adm. R. 7.1 in support of its decision to grant the DOC Defendants' motion as uncontested, the District Court rejected Brown's excuse after observing that he had consistently received the defendants' pleadings since the action began. Accordingly, the District Court denied Brown's request for reconsideration. This timely appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of the District Court's dismissal under Rule 12(b)(6), as well as its grant of summary judgment, is plenary. See Nationwide Life Ins. Co. v. Commonwealth Land Title Ins. Co., 579 F.3d 304, 307 (3d Cir. 2009); Chambers v. Sch. Dist. of Phila. Bd. of Educ., 587 F.3d 176, 181 (3d Cir. 2009). We review a denial of a motion for reconsideration for abuse of discretion, while reviewing the District Court's underlying legal determinations de novo

3

and its factual determinations for clear error. Max's Seafood Café v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999). We likewise review a District Court's discovery order for abuse of discretion, and "will not disturb such an order absent a showing of actual and substantial prejudice." Anderson v. Wachovia Mortg. Corp., 621 F.3d 261, 281 (3d Cir. 2010).

Brown's initial contention on appeal is that the District Court erred in concluding that he had timely received a copy of the DOC Defendants' motion to dismiss or, alternatively, for summary judgment, and in granting that motion as uncontested. The DOC Defendants, on the other hand, contend that the District Court's ruling was actually an implicit determination that summary judgment was warranted on the basis of Brown's failure to exhaust available administrative remedies. We find the DOC Defendants' argument to be unsupportable on the record presented, and dispose of it with little discussion. While the basis of the District Court's ruling is not set forth in its initial order, there can be little doubt as to the reasoning behind its decision granting the DOC Defendants' motion once its subsequent order is considered. In denying Brown's request for reconsideration, the District Court explicitly noted that a local administrative rule permits "the motion to be granted as uncontested." See District Court Order entered 7/27/09 at 2 n.2. The District Court then clearly stated that it granted the defendants' motion "[b]ecause Brown never filed a response." Id.

Brown's argument that the District Court should not have granted the DOC

4

Defendants' motion where he claims that he never received notice that the motion had been filed and had never specifically been directed to file a response is not without some merit, and the DOC Defendants recognize as much. See DOC Defendants' Brief at 22 n.18 ("To grant a motion for summary judgment, or a motion to dismiss, without any substantive analysis, *purely* because the non-moving party failed to respond is often (although not invariably) improper." (citing Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991)). We made clear quite some time ago in Stackhouse our disfavor of dismissals under Rule 12(b)(6) for purposes of sanctioning a litigant. We further held in Stackhouse that a Rule 12(b)(6) motion should not be granted without an analysis of the merits of the underlying complaint notwithstanding local rules regarding the granting of unopposed motions. Id.

While we observed that "some cases" could be dismissed as unopposed (e.g., if the party is represented by counsel or failed to comply with a court's order), id. at 30, such is not the case here. Unlike issuance of the order on March 31, 2009, directing Brown to show cause as to why Dr. Arias' motion to dismiss or, in the alternative, for summary judgment should not be granted, no such order was issued as a result of the DOC Defendants' motion. In fact, the only order issued subsequent to the filing of the DOC Defendants' motion was the District Court's scheduling order on January 7, 2009. That apparent form order made no reference of the DOC Defendants' pending motion, but simply noted that the deadline for dispositive motions was set for May 18, 2009.

5

Accordingly, given the absence of evidence that Brown's failure to respond was willful, we will vacate that portion of the District Court's judgment granting the DOC Defendants' motion to dismiss or, in the alternative, for summary judgment, and remand the matter to the District Court for further proceedings. As discussed more fully below, however, our remand is of a limited nature.

There are two varieties of ETS claims – present injury claims and future injury claims – and they are measured by different standards. See Atkinson v. Taylor, 316 F.3d 257, 273 (3d Cir. 2003) (Ambro, J., dissenting in part). Despite the fact that the District Court construed Brown's complaint as asserting only a future injury claim, we think it clear that Brown attempted to assert both types of claims. As noted, Brown alleges that he is continuously exposed to second-hand cigarette smoke from the prison staff in his cell block. Brown states that although he quit smoking back in April 2000, he has begun to experience the same symptoms as he did when he smoked: sinus congestion, headaches, tightness of the lungs, and difficulty breathing. See Amended Complaint at 4 ¶ 22. He also believes that his liver and heart diseases have been aggravated by exposure to ETS. Id. at ¶ 23. Brown further argues that because of the second-hand smoke in the RHU, he is "in imminent danger of contracting cancer, Bronchitis, or some other smoke-related disease if relief is not provided immediately." Id. at ¶ 22. Brown requested declaratory and injunctive relief, in addition to compensatory and punitive damages.

While Brown raised both types of injury claims, our remand is limited to his claim

6

that the DOC Defendants have created an unreasonable risk of future harm from his continued ETS exposure. With respect to his present injury claim, we find lacking sufficient allegations of deliberate indifference on the part of the DOC Defendants in regards to any serious medical need of which they were made aware. See Atkinson, 316 F.3d at 273 (A present injury claim is a standard condition-of-confinement claim governed by the principles the Supreme Court established in Estelle v. Gamble, 429 U.S. 97 (1976) and Farmer v. Brennan, 511 U.S. 825 (1994), requiring a prisoner to "allege a sufficiently serious medical need (the objective component) and deliberate indifference by prison officials in response (the subjective component).").

When considering a motion to dismiss, a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). However, to survive a motion to dismiss, a complaint – even a pro se complaint – "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. We find that Brown's general allegations of exposure to ETS and his resulting sensitivities, even construed liberally, are

plainly insufficient to state a present injury claim for ETS exposure against the DOC Defendants. While Brown alleges that the DOC Defendants acted with deliberate indifference in exposing him to levels of ETS that pose an unreasonable risk of harm to his future health, see Amended Complaint at 3 ¶ 19, he simply makes no allegations that the DOC Defendants were deliberately indifferent to any serious medical need he was currently experiencing from ETS exposure. Such a deficiency is fatal to his Eighth Amendment claim.

We have, of course, "instructed that if a complaint is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." Phillips, 515 F.3d at 236. Here, however, we believe that affording Brown the opportunity to file a second amended complaint would be futile. Accordingly, we will affirm the District Court's dismissal of Brown's present injury claim against the DOC Defendants. See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir.1999) ("We may affirm the district court on any basis supported by the record."). On the other hand, and as noted previously, we find that Brown's allegations regarding a future injury claim due to ETS exposure are sufficient to survive a Rule 12(b)(6) dismissal. Accordingly, this claim will be remanded to the District Court for further proceedings during which the District Court is free to consider, inter alia, the DOC Defendants' exhaustion of administrative remedies defense and the parties' discovery requests.

8

Having carefully reviewed the parties' submissions and the record on appeal, we further conclude that Brown has failed to establish an Eighth Amendment present or future injury claim for ETS exposure against Dr. Arias. In the absence of any evidence Brown specifically complained to Dr. Arias that he had an ETS-related illness amounting to a sufficiently serious medical need or that he had sought treatment on account of excessive ETS exposure, he failed to establish deliberate indifference on the part of Dr. Arias to any such medical need. See Atkinson, 316 F.3d at 266. Even Brown's sworn allegations, taken as a whole, do not describe conduct that rises to the level of deliberate indifference with respect to Brown's present injury ETS exposure claim. See Farmer, 511 U.S. at 835 ("[D]eliberate indifference describes a state of mind more blameworthy than negligence," but "it is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result.").

Brown's future injury claim against Dr. Arias fares no better considering the limited nature of the allegations in his sworn affidavit, e.g., that he observed Dr. Arias "smoke tobacco at or near [his] RHU cell on at least fifty (50) occasions" over the course of a three year period, he observed other unidentified staff smoke in Dr. Arias' presence on "many occasions," and that, as a medical doctor, Dr. Arias is aware of the adverse effects of second hand smoke. Liability for a future injury case based on exposure to ETS requires proof of: (1) exposure to unreasonably high levels of ETS contrary to contemporary standards of decency; and (2) deliberate indifference by the authorities to

9

the exposure to ETS.  See Helling v. McKinney, 509 U.S. 25, 35 (1993).  Aside from the

fact that Brown presented no evidence with respect to the levels of ETS to which he is

being exposed, we agree with the District Court that Brown failed to present evidence

demonstrating that Dr. Arias was deliberately indifferent to any unreasonable health risks

he faces in the RHU.  See Farmer, 511 U.S. at 837 (To establish liability under the Eighth

Amendment, the prison "official must both be aware of facts from which the inference

could be drawn that a substantial risk of serious harm exists, and he must also draw the

inference.").

We have fully considered Brown's remaining challenges and find them to be

lacking in merit.  Accordingly, we dispose of them without further discussion.  The

District Court's judgment is thus vacated in part and affirmed in part, and this matter is

remanded for further proceedings in accordance with this opinion.[1]

---

[1]  While we will grant Brown's motion to file a separate reply brief, which we have
considered in rendering our decision, we deny his motion for a court order requiring
appellees to provide him with his case files.