**BLD-278**                                                                     **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 12-2257

_____

ROBERT L. GARY,

Appellant

v.

PENNSYLVANIA HUMAN RELATIONS COMMISSION; YVONNE AGUAYO,
Human Relations Representative; KAABA BRUNSON, Human Relations
Representative; CHARLENE NATCHER, Human Relations Representative; U.S.
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION; MARIE M. TOMASSO,
District Director

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 5-10-cv-01844)
District Judge:  Honorable Juan R. Sanchez

_____

Submitted for Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 7, 2012

Before:  SCIRICA, SMITH and CHAGARES, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  September 20, 2012)

_____

OPINION

_____

PER CURIAM

Robert L. Gary, proceeding pro se and in forma pauperis, appeals from the District Court's dismissal of his complaint with prejudice. For the reasons set forth below, we will summarily affirm.

I.

In February 2008, Gary, an African-American male, worked for Holiday Inn as a "chamber maid" and "houseman." (Dkt. No. 6, ¶¶ 11-14.) After his discharge in March 2009, he applied for and was initially denied unemployment benefits because Holiday Inn failed to report a portion of his earnings. (Id. ¶¶ 15-16.) Because he then experienced a delay in receiving his benefits, Gary filed a charge of employment discrimination against Holiday Inn with the Pennsylvania Human Relations Commission ("PHRC"). (Id. ¶¶ 17, 25-28.) Several PHRC employees were involved in investigating his claim. (Id. ¶¶ 30-43.) According to Gary, the PHRC employees purposely conspired to delay its resolution. (Id. ¶¶ 45, 49.) In August 2009, Gary received a notice that his charge of employment discrimination was sent to the United States Equal Employment Opportunity Commission ("EEOC") for "dual filing purposes." (Id. ¶ 50.) Gary believed that, at that point, it was the EEOC's responsibility to "take the lead" in handling his claim. (Id. ¶ 51.)

Dissatisfied with both the PHRC and the EEOC, Gary instituted this action in June 2010. He sought injunctive and equitable relief under various civil rights statutes, Pennsylvania law, and the Thirteenth and Fourteenth Amendments. (Id. p. 2 ¶ 1.)

2

The PHRC defendants[1] filed a motion to dismiss Gary's complaint for lack of

subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1), and for

failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No.

10.) The District Court granted it as unopposed and dismissed Gary's complaint with

prejudice as to the PHRC defendants. (Dkt. No. 11.) Gary appealed, but we determined

that we lacked jurisdiction under Federal Rule of Civil Procedure 54(b) because the

claims against the EEOC defendants[2] remained in the case. (Dkt. No. 33.) The EEOC

defendants then filed a motion to dismiss for lack of subject matter jurisdiction, failure to

state a claim, and improper service of process. (Dkt. No. 38.) The District Court granted

it and dismissed Gary's complaint with prejudice. (Dkt. Nos. 43 and 44.) Gary timely

filed a notice of appeal.

## II.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. We review a district

court's dismissal for failure to comply with a procedural rule for abuse of discretion. See

Emerson v. Thiel Coll., 296 F.3d 184, 190 (3d Cir. 2002). The standard of review over

dismissal for lack of subject matter jurisdiction is plenary. Gould Elecs. Inc. v. United

States, 220 F.3d 169, 176 (3d Cir. 2000). We also exercise plenary review over a motion

---

[1] The Pennsylvania Human Relations Commission, and Human Relations Representatives
Yvonne Aguayo, Kaaba Brunson, and Charlene Natcher.

[2] The United States Equal Employment Opportunity Commission and its District
Director, Marie M. Tomasso.

3

to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 188 (3d Cir. 2006). We may summarily affirm the decision of the District Court if no substantial question is presented on appeal. 3d Cir. LAR 27.4 and I.O.P. 10.6.

A well-pleaded complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A complaint offering "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not suffice. Id. (citing Twombly, 550 U.S. at 555). The plausibility standard requires "more than a sheer possibility" that a defendant is liable for the alleged misconduct. Id. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679.

We first turn to the District Court's treatment of the PHRC defendants' motion to dismiss.[3] Gary did not respond to the motion within the time provided by the local rules. Thus, the District Court deemed it unopposed and, without any analysis under Rule 12(b)(6), dismissed Gary's complaint with prejudice as to the PHRC defendants. (Dkt. No. 11.)

---

[3] This case was initially assigned to Judge James Knoll Gardner and then transferred to Judge Juan Sanchez.

We generally disfavor dismissal that is "a sanction for failure to comply with the local court rule." See Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991). In Stackhouse, we held that motions to dismiss should not be granted without an analysis of the merits of the underlying complaint, notwithstanding local rules regarding the granting of unopposed motions. Id. Additionally, a district court must analyze the relevant factors set forth in Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984), before concluding that the sanction of dismissal is warranted. See Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1148 (3d Cir. 1990). While we have said that "some cases" could be dismissed as unopposed, "particularly if the party is represented by an attorney," or if the party failed to comply with a court's orders, Stackhouse, 951 F.2d at 30, that is not the situation here. The District Court did not give Gary any notice that it was considering the sanction of dismissal for failure to comply with local procedure. It was apparent that Gary intended to prosecute his case, given that he filed several motions for default judgment against all of the defendants prior to their filing motions to dismiss. Further, the District Court did not undertake any analysis of the Poulis factors to establish that such a sanction was warranted. Accordingly, we find that the District Court abused its discretion in dismissing Gary's complaint for failing to oppose the motion to dismiss.

Nevertheless, we will summarily affirm on alternative grounds because Gary's claims lack merit. Stackhouse, 951 F.2d at 30; see also Johnson v. Orr, 776 F.2d 75, 83 n.7 (3d Cir. 1985) ("An appellate court may affirm a result reached by the district court on reasons that differ so long as the record supports the judgment."). As discussed

5

below, the District Court lacked subject matter jurisdiction over Gary's claims, and, in any event, Gary did not assert any plausible claims against the PHRC or the EEOC defendants.

### A.    The PHRC Defendants

Gary alleged that the PHRC defendants violated his constitutional and civil rights. However, the Eleventh Amendment "enacts a sovereign immunity from suit," preventing actions in federal court against states, their agencies, and their employees acting in their official capacities. Idaho v. Coeur d'Alene Tribe, 521 U.S. 261, 267-68 (1997). Pennsylvania has not consented to be sued in federal court. 42 Pa. Cons. Stat. § 8521(b). As a state agency, the PHRC and its employees, acting in their official capacities, are entitled to sovereign immunity as to Gary's federal claims, and they were properly dismissed for lack of subject matter jurisdiction. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98 (1984).

Gary also alleged that the PHRC defendants violated state law by engaging in willful misconduct, abuse of process, and failure to protect. Under Pennsylvania law, the PHRC defendants are Commonwealth parties and therefore immune from suit, subject to nine limited categories of negligence where sovereign immunity is waived. See 1 Pa. Cons. Stat. § 2310 (sovereign immunity exists in Pennsylvania unless specifically waived); 42 Pa. Cons. Stat. §§ 8501 and 8522(b) (defining Commonwealth parties and categories of negligence). The PHRC defendants were entitled to sovereign immunity as to Gary's state law claims because none of them fell within those enumerated exceptions.

6

Because the District Court lacked subject matter jurisdiction over the state law claims, they were also properly dismissed. See CNA v. United States, 535 F.3d 132, 146-47 (3d Cir. 2008).

Additionally, Gary's complaint lacked sufficient factual matter to state any claims against the PHRC defendants that were plausible on their face. Iqbal, 556 U.S. at 678. Gary alleged that the PHRC defendants violated 42 U.S.C. § 1981 in their processing of his employment discrimination claim. "[I]ntentional discrimination" on the basis of race "is a required element of a § 1981 claim." Hood v. N.J. Dep't of Civil Serv., 680 F.2d 955, 959 (3d Cir. 1982). Gary stated that he is African-American in his complaint, but he did not plead any facts that remotely suggested intentional or purposeful discrimination against him by the PHRC defendants. If anything, it appears from Gary's complaint that the PHRC defendants attempted to resolve his claim in a manner satisfactory to him, by "assigning [their] best representative" to help him. (Dkt. No. 6, ¶ 33.)

Gary also alleged that the PHRC defendants engaged in a racially-motivated conspiracy to violate his constitutional rights under 42 U.S.C. §§ 1985(3) and 1986. (Dkt. No. 6, ¶ 49.) To properly plead such a claim, a plaintiff must allege "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is injured in his person or property or deprived of any right or privilege of a citizen of the United States." Farber v. City of Paterson, 440 F.3d 131, 134 (3d Cir. 2006). Gary

7

alleged but one sentence to support his conspiracy claim, that is, that certain PHRC employees "along with the commission are conspiring to hinder the relief sought by the plaintiff." (Dkt. No. 6, ¶ 45.) Such a conclusory statement, absent any factual basis, is insufficient to set forth a plausible claim for relief. Iqbal, 556 U.S. at 678. Absent a valid § 1985(3) claim, Gary's claim under 42 U.S.C. § 1986 fails, as liability under that statute is predicated on actual knowledge of a § 1985 violation. See Clark v. Clabaugh, 20 F.3d 1290, 1295 (3d Cir. 1994) (transgressions of § 1986, by definition, depend on a preexisting violation of § 1985).

Gary alleged that the PHRC defendants violated his Thirteenth Amendment right to be free from slavery. Nothing in Gary's complaint supports this claim. He also alleged that his Fourteenth Amendment due process and equal protection rights were violated. To prevail on a due process claim, Gary must have alleged the existence of a protected liberty interest, which he failed to do. See Mims v. Shapp, 744 F.2d 946, 949 (3d Cir. 1984) (threshold question in determining due process violation "is whether there is a protected interest at issue"). Gary's claim that his equal protection rights were violated requires "proof of racially discriminatory intent or purpose." Antonelli v. New Jersey, 419 F.3d 267, 274 (3d Cir. 2005). Again, Gary's complaint contained no allegations to support that the PHRC defendants acted with such intent.

B.    The EEOC Defendants

Gary's allegations against the EEOC defendants stemmed from his belief that they should have investigated or processed his charge of discrimination. He asserted

substantially the same claims against the EEOC and its District Director, in her official and individual capacities, as he did against the PHRC defendants.

The District Court properly determined that Gary's claims against the EEOC defendants should be dismissed for lack of subject matter jurisdiction and for failure to state a claim upon which relief could be granted.[4] Absent waiver, sovereign immunity shields United States government agencies and their employees, acting in their official capacities, from suit. Fed. Deposit Ins. Corp. v. Meyer, 510 U.S. 471, 475 (1994). Because sovereign immunity is "jurisdictional in nature," the District Court properly dismissed Gary's claims for lack of subject matter jurisdiction. Id.

Further, in order to state a Bivens action against the District Director in her individual capacity, Gary needed to allege that she deprived him of a constitutional right while acting under color of federal law. Brown v. Philip Morris Inc., 250 F.3d 789, 800 (3d Cir. 2001). Gary alleged only that the District Director signed a letter informing him that his charge was received by the EEOC. (Dkt. No. 6, ¶ 50.) We agree with the District Court that Gary's allegations against her did not contain sufficient factual matter to state a plausible claim (Dkt. No. 43, pp. 8-9). Iqbal, 556 U.S. at 677-78. Finally, to the extent that Gary asserted a claim under the Federal Tort Claims Act ("FTCA"), that claim was properly dismissed because the FTCA authorizes suits only against the United States

---

[4] The EEOC defendants also argued improper service of process, but the District Court did not reach that issue as it dismissed Gary's complaint on other grounds.

9

itself, not individual defendants or agencies.  28 U.S.C. § 2680(a).  The District Court therefore properly dismissed all of Gary's claims against the EEOC defendants.

## III.

Because no substantial question is presented by this appeal, we will summarily affirm the dismissal of Gary's complaint with prejudice.  3d Cir. LAR 27.4 and I.O.P. 10.6.