**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2494
_____

DUJUAN T. FAVORS,
                                        Appellant

v.

SECRETARY UNITED STATES DEPARTMENT OF VETERANS AFFAIRS;
JOSEPH DALPIAZ, Director Department of Veterans Affairs
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Civ. No. 2-14-cv-06159)
District Judge:  Honorable Eduardo C. Robreno
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 14, 2017

Before:  SHWARTZ, COWEN and FUENTES, Circuit Judges

(Opinion filed: August 14, 2017)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant DuJuan Favors appeals the District Court's order dismissing his third amended complaint. For the reasons detailed below, we will affirm the District Court's judgment.

Favors instituted this action by filing a complaint in the District Court in October 2014. The complaint was terse and conclusory; Favors alleged that he had been discriminated against, falsely accused, defamed, and wrongly removed from employment, but provided no facts to buttress his claims. He named as defendants employees of the United States Department of Veterans Affairs. The District Court screened the case, dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim, and granted Favors leave to file an amended complaint. The District Court specifically instructed Favors that, if he filed an amended complaint, he should "clearly state all of the facts that give rise to his claims against each defendant." D.C. dkt. #2 at pg. 3.

Favors filed an amended complaint. This time, he said that he had been discriminatorily terminated from his employment, retaliated against, and defamed, but he again failed to elaborate on these contentions. The District Court dismissed the complaint pursuant to § 1915(e)(2) for failure to state a claim, but granted leave to file a second amended complaint. The District Court reiterated that Favors should "clearly state all of the facts that give rise to his claims against each defendant," and informed Favors that "[a]ny second amended complaint shall be a complete document and shall not rely on other pleadings filed in this case." D.C. dkt. #6 at pg. 2.

Favors then filed a second amended complaint. This complaint was the briefest yet, stating only that Favors retired from the Department of Veterans Affairs in August 2012 for medical reasons, and that in December 2012, he received a separation notice stating that he had resigned due to criminal misconduct. The District Court dismissed the complaint under § 1915(e)(2). The Court instructed Favors to set forth the "specific events that serve as the basis for his claims, the dates on which the events took place, and how each of the named defendants is involved in his claims." D.C. dkt. #8 at pg. 2. The Court also told Favors that, to the extent it would be helpful, he could attach any administrative charge or complaint he had previously filed. Finally, the Court directed the clerk to provide Favors with a blank copy of the form complaint.

Favors filed a third amended complaint. He claimed that he had been discriminated against based on his race in violation of Title VII of the Civil Rights Act. Moreover, he stated that his employment had been terminated based on five charges of misconduct, but that he had later been exonerated of each charge. The District Court ordered that the complaint be served on the defendants, two officials from the Department of Veterans Affairs. The defendants filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6). The District Court granted the motion and dismissed the complaint.

Favors filed a timely notice of appeal to this Court, and also asked the District Court to reconsider its order under Fed. R. Civ. P. 59(e). The District Court denied the Rule 59(e) motion.[1]

We have jurisdiction under 28 U.S.C. § 1291.[2] We exercise a plenary standard of review. See Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012). To survive a motion to dismiss, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

---

[1] Initially, the District Court denied the Rule 59(e) motion on the ground that Favors's notice of appeal had divested it of jurisdiction. The defendants filed their own motion for reconsideration, explaining that the District Court maintained jurisdiction to rule on Favors's Rule 59(e) motion. The District Court granted the defendant's motion and denied Favors's Rule 59(e) motion on the merits.

[2] The defendants argue that we lack jurisdiction because Favors did not separately appeal from the District Court's order that denied his Rule 59(e) motion on the merits. It is true that, because Favors did not file a new or amended notice of appeal encompassing the order denying his Rule 59(e) motion, we lack jurisdiction to consider that order. See Fed. R. App. P. 4(a)(4)(B)(ii); Carrascosa v. McGuire, 520 F.3d 249, 253-54 (3d Cir. 2008). However, because the District Court denied the Rule 59(e) motion, Favors's notice of appeal does provide us with jurisdiction over the earlier dismissal order. See Rule 4(a)(4)(B)(i); cf. 24 James W. Moore, Moore's Federal Practice § 24.88 (3d ed. 2014) ("When a district court grants a Rule 59(e) motion to substantively alter or amend a judgment, a new judgment is entered, and the previous judgment no longer exists." (emphasis added)).

4

We will affirm the District Court's judgment.[3]  In his third amended complaint, Favors purported to raise a claim of racial discrimination under Title VII.  However, even after receiving multiple opportunities to replead and specific instructions from the District Court about the type of information to provide, Favors alleged, in total, that his employment had been terminated based on several charges of misconduct for which a Magistrate Judge later found him not guilty.  He included no allegations whatsoever linking his termination to his race.  These allegations fail to "raise a reasonable expectation that discovery will reveal evidence that" his race "played either a motivating or determinative factor" in his termination.  Connelly v. Lane Constr. Corp., 809 F.3d 780, 791 (3d Cir. 2016); see generally Wilkerson v. New Media Tech. Charter Sch. Inc., 522 F.3d 315, 322 (3d Cir. 2008) ("The plausibility paradigm announced in Twombly applies with equal force to analyzing the adequacy of claims of employment discrimination.").  Accordingly, as the defendants argued in their motion to dismiss, Favors failed to state a claim that was plausible on its face.[4]

---

[3] While the District Court likely erred in granting the motion to dismiss based on Favors's failure to respond "without any analysis of whether the complaint failed to state a claim upon which relief can be granted, as provided in Fed. R. Civ. P. 12(b)(6)," Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991), we may affirm on any ground apparent in the record, see id.; see also Hughes v. Long, 242 F.3d 121, 122 n.1 (3d Cir. 2001).

[4] Because the District Court permitted Favors to amend his complaint on multiple occasions and provided him with clear guidance as to the information that an amended complaint should contain, the Court did not abuse its discretion in declining to provide Favors leave to amend his complaint yet again.  See Airborne Beepers & Video, Inc. v. AT&T Mobility LLC, 499 F.3d 663, 666-67 (7th Cir. 2007).

We will therefore affirm the District Court's judgment. Favors's motion to expand the record is denied. <u>See, e.g.</u>, <u>Burton v. Teleflex Inc.</u>, 707 F.3d 417, 435 (3d Cir. 2013) (a party may supplement the record on appeal in only "exceptional circumstances").