**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2738
_____

SEKEMA GENTLES,
Appellant

v.

THE BOROUGH OF POTTSTOWN; POTTSTOWN BOROUGH COUNCIL,
(MEMBERS DANIEL WEAND, RITA PAEZ, CAROL CULP, JOSEPH KIRKLAND,
AND RYAN PROSCAL) ALL SUED IN OFFICIAL CAPACITY; DANIEL WEAND;
RITA PAEZ; CAROL CULP; JOSEPH KIRKLAND; RYAN PROSCAL,
ALL SUED IN OFFICIAL CAPACITY; POLICE CORPORAL JAMIE O'NEILL,
SUED IN BOTH PERSONAL AND OFFICIAL CAPACITIES
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-19-cv-01199)
District Judge:  Honorable C. Darnell Jones, II
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
August 3, 2023
Before:  JORDAN, CHUNG, and NYGAARD, Circuit Judges

(Opinion filed: August 4, 2023)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Sekema Gentles appeals the District Court's order granting Appellees' motion to dismiss as unopposed. For the reasons below, we will affirm the District Court's judgment.

The procedural history of this case and the details of Gentles's claims are well known to the parties and need not be discussed at length. Gentles filed a complaint alleging violations of his civil rights. In response, Appellees filed a motion to dismiss. After analyzing the merits, the District Court granted the motion but gave Gentles leave to amend his complaint. Gentles filed an amended complaint, noting that he had added only one factual allegation to the original complaint. Appellees again filed a motion to dismiss. After five months passed without a response from Gentles, the District Court ordered him to show cause why the motion to dismiss should not be granted as unopposed. It noted that failure to comply could result in dismissal without further notice. It gave Gentles fourteen days to respond. Gentles failed to file a response. A month after the deadline, the District Court granted the motion to dismiss as unopposed. Gentles filed a notice of appeal, and we have jurisdiction under 28 U.S.C. § 1291.

Normally, we require a district court to "analyze the Poulis factors before imposing sanctions of dismissal or default judgment or their functional equivalent." United States v. Brace, 1 F.4th 137, 143 (3d Cir. 2021); see Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984) (listing six factors to be considered before dismissing claims as a sanction). In Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d

2

Cir. 1991), the District Court granted a motion to dismiss as unopposed based on the plaintiff's failure to respond as required by a local rule. We concluded that the motion should have been evaluated on the merits but noted that we were not suggesting that "if a party fails to comply with the rule after a specific direction to comply from the court, the rule cannot be invoked." Id. Here, the District Court specifically directed Gentles to address why the motion should not be granted as unopposed, and Gentles did not respond.

Gentles argues on appeal that because he had already responded to the motion to dismiss the original complaint, any response to the motion to dismiss the amended complaint would be redundant. However, given that Gentles added only one allegation to his amended complaint, it should not have taken much effort to amend his response or to file a simple response stating that he would rely on his prior arguments. Instead, Gentles filed nothing in the face of the District Court's specific order to respond. We thus doubt that the District Court erred in granting the motion to dismiss as unopposed, especially given that it had already performed a merits analysis of Gentles's nearly identical allegations in his original complaint.

In any event, regardless of whether the District Court erred in granting the motion to dismiss as unopposed, we conclude that Gentles's allegations do not state a claim for relief. See id. at 29 (holding that where a complaint fails to state a claim, this Court may affirm on the merits even if the complaint was erroneously dismissed for failure to prosecute).

3

Gentles alleged in his amended complaint that there was a Protection From Abuse (PFA) order in place. Appellee Corporal O'Neill confronted Gentles with three text messages. Gentles claimed that O'Neill had already established that there was no connection between Gentles and the internet phone number from which the messages were sent. Gentles alleged that he told O'Neill that he did not send the messages. The next day, Gentles was arrested for violating the PFA order. Gentles also alleged that O'Neill had an affidavit of probable cause but did not present it to a magistrate. After a hearing, the charges were dismissed.

To state claims for false arrest and malicious prosecution, Gentles needed to allege that probable cause was lacking. Zimmerman v. Corbett, 873 F.3d 414, 418 (3d Cir. 2017) (citing Kelley v. Gen. Teamsters, Chauffeurs & Helpers, Local Union 249, 544 A.2d 940, 941 (Pa. 1988)); James v. City of Wilkes-Barre, 700 F.3d 675, 680 (3d Cir. 2012). Gentles appears to believe that because he alleged that he told O'Neill that he did not send the texts, he has alleged a lack of probable cause. However, the probable cause standard does not require officers to correctly resolve credibility determinations or conflicting evidence. See Wright v. City of Philadelphia, 409 F.3d 595, 603 (3d Cir. 2005). Beyond denying that the apparently untraceable phone number was connected to him, Gentles does not plead anything to show that probable cause was lacking. For instance, he stated that O'Neill confronted him with the text messages but does not discuss the content of the texts. While he claimed that O'Neill had established that the texts came from a number with no connection to Gentles, he does not give any detail as to

4

why O'Neill believed that the texts came from him or what they discussed when Gentles met with him. While he asserted that O'Neill had an affidavit of probable cause, Gentles does not discuss the contents of that affidavit. He is clearly aware of that content as he alleged that "the facts asserted in the sworn affidavit of probable cause (assault and threats)" were contradicted by his testimony at a hearing. Am. Compl. at ¶ 22. Given this background, Gentles's bare, conclusory allegations are not sufficient to allege a lack of probable cause and state claims of false arrest and malicious prosecution. See generally Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs, 263 F.3d 1151, 1154 (10th Cir. 2001) (affirming motion to dismiss where "beyond the conclusory allegation in his complaint that no probable cause existed, plaintiff has not alleged any specific facts showing there was a lack of probable cause"). Nor do his allegations state claims for municipal liability or intentional infliction of emotional distress. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (facts alleged must state a claim with facial plausibility); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556-57 (2007) (conclusory allegations that defendants acted unlawfully not sufficient to state a claim).

For the above reasons, we will affirm the District Court's judgment.