**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3782
_____

ROBERT L. GARY,
Appellant

v.

GOURI NANDAN DBA HOLIDAY INN CENTER CITY ALLENTOWN;
INTERCONTINENTAL HOTELS GROUP, (I.H.G.);
RICHARD C. LOBACH, GENERAL MANAGER
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 5:10-cv-02082)
District Judge:  Honorable Juan R. Sánchez
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 1, 2013
Before:  SMITH, CHAGARES, and HARDIMAN[*], Circuit Judges

(Opinion filed:  March 4, 2013)
_____

OPINION
_____

PER CURIAM

    In  his  amended  complaint,  pro  se  plaintiff  Robert  Gary  accused  the  defendants  of

_____

[*] Judge Hardiman has been substituted for Judge Weis.

terminating his employment based on an impermissible, retaliatory racial motivation.[1] The complaint stated a variety of causes of action, sounding under 42 U.S.C. §§ 1981, 1983, 1985–86, and Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et seq. The District Court dismissed the §§ 1983, 1985, and 1986 claims, reasoning that Gary had failed to allege the requisite state action or had inadequately pleaded a conspiracy. Following discovery, summary judgment was granted on the remainder of the claims in favor of the defendants. Gary timely sought review.[2]

We have reviewed the District Court record and will affirm its judgment. For substantially the reasons stated in its dismissal orders, the District Court properly dismissed Gary's §§ 1983, 1985, and 1986 claims. With regard to summary judgment, we conclude that, while the factual record below does contain inconsistencies and disputes over facts, none of the details in contention is "material" for the purposes of summary judgment because none would affect the outcome of the suit under governing law. See Haybarger v. Lawrence Cnty. Adult Prob. & Parole, 667 F.3d 408, 412 (3d Cir. 2012). At the very least, and assuming without deciding that Gary established a prima facie case of discrimination, the defendants pointed to a legitimate, nondiscriminatory reason for his firing—Gary's use of profanity in front of hotel guests, a "[c]ritical offense[] . . . justif[ying] immediate termination"—and Gary thereafter failed to adduce evidence from which a reasonable jury could conclude "that the employer's

[1] Gary also sued the Pennsylvania Human Relations Commission and the EEOC in a separate action. We recently affirmed the District Court's judgment in that case. See generally Gary v. Pa. Human Rels. Comm'n, No. 12-2257, 2012 U.S. App. LEXIS 19758 (3d Cir. Pa. Sept. 20, 2012) (unpublished per curiam).

[2] We have jurisdiction under 28 U.S.C. § 1291, and conduct plenary review of orders granting summary judgment and dismissing claims under Fed. R. Civ. P. 12(b)(6). Atkinson v. Lafayette Coll., 460 F.3d 447, 451 (3d Cir. 2006).

proffered reasons were merely a pretext for discrimination, and not the real motivation for the unfavorable job action." Sarullo v. U.S. Postal Serv., 352 F.3d 789, 797 (3d Cir. 2003) (per curiam); see also id. at 799–800 (discussing further the showing required). The same test applies to Gary's retaliation and § 1981 claims, which fail for the same reason. See Moore v. City of Phila., 461 F.3d 331, 342 (3d Cir. 2006); McKenna v. Pac. Rail Serv., 32 F.3d 820, 825 n.3 (3d Cir. 1994). Having so decided, we need not address the District Court's alternative rationales for granting judgment in favor of defendant IHG, including its decision to sanction Gary for discovery failures by dismissing some of his claims. See Smith v. Phillips, 455 U.S. 209, 215 n.6 (1982). Finally, the District Court did not abuse its discretion in declining to allow Gary to further amend. See Connelly v. Steel Valley Sch. Dist., No. 11-4206 , ___ F.3d ___, 2013 U.S. App. LEXIS 1882, at *17 (3d Cir. Jan 24, 2013).

Thus, for the foregoing reasons, the judgment of the District Court will be affirmed.