**Mary DOE**

v.

**Michael K. EVANS, et al.**

**No. Civ.A. 01–1538.**

United States District Court,
E.D. Pennsylvania.

July 13, 2001.

Mark W. Tanner, Feldman, Shepherd, Wohlgelernter & Tanner, Philadelphia, PA, for plaintiff.

Sue Ann Unger, Office of Attorney General, Philadelphia, PA, for Paul J. Evanko, Hawthorne Conley, Thomas Coury, Robert G. Wertz, Thomas J. LaCrosse, Robert B. Titler, Dennis Hunsicker, Kevin T. Krupiewski, David B. Kreiser, Gary L. Dance, Jr., Laura Bowman.

Thomas C. Egan, III, Norristown, PA, Louis J. Petriello, Petriello and Royal LLP, Blue Bell, PA, for Gary Fasy. .

## ORDER

DALZELL, District Judge.

AND NOW, this 13th day of July, 2001, upon consideration of plaintiff Mary Doe's motion to proceed under a pseudonym and for a protective order (docket entry # 14), and defendants Evanko, Coury, Conley, Werts, LaCrosse, Kreiser, Hunsicker, Krupiewski, Dance, Bowman, Brose, Murray and Seip's (hereinafter "answering defendants") response thereto, and having received no response from defendant Michael K. Evans,[1] and the Court finding that:

(a) Mary Doe is the plaintiff in one of four pending cases that are consolidated before us for the purposes of discovery under *Nancy Doe v. Evans*, Civ. A. No. 01–2166;[2]

(b) All four plaintiffs have brought civil rights claims against the Commissioner of the Pennsylvania State Police, as well as other state troopers and officers, arising from separate incidents of alleged sexual assault by then-state trooper Michael K. Evans against the individual plaintiffs;[3]

(c) Plaintiff Mary Doe, having filed her complaint under a fictitious name, requests permission to proceed under a pseudonym and also requests a broad protective order preventing the parties from referencing her true name during depositions or otherwise disclosing her identity;[4]

(d) Answering defendants object to the request, particularly the proposed protective order, and submit that the other three plaintiffs, two of whom have used pseudonyms in their pleadings, have identified themselves to counsel and have not demanded a protective order before proceeding with discovery;

■ (e) In determining whether a party may proceed under a pseudonym, the public's right of access should prevail unless the party requesting pseudonymity demonstrates that her interests in privacy or security justify pseudonymity, *Doe v. Provident Life and Acc. Ins. Co.*, 176 F.R.D. 464, 467 (E.D.Pa. 1997) (Newcomer, J.);[5]

■ (f) "The factors which support the use of pseudonymous litigation are as follows: (1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives,"[6] *id.* at 467–68;

■ (g) "On the other side of the scale, the factors which militate against the use of a pseudonym are as follows: (1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise,

---

**1.** Plaintiff represents that defendant Fasy does not object to her motion.

**2.** The other cases are *Weller v. Evanko*, No. 00–5660, and *L.H. v. Evanko*, No. 00–5805.

**3.** Defendant Evans is currently incarcerated at SCI Waymart, P.O. Box 256, Waymart, Pennsylvania 18472.

**4.** Although the Federal Rules of Civil Procedure do not authorize the use of a pseudonym, several courts have either explicitly, *see Doe v. State of Alaska*, 122 F.3d 1070 (9th Cir.1997) (unpublished), or implicitly, *see Roe v. Wade*, 410 U.S.

113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973), permitted its use.

**5.** Although we found no Third Circuit opinion adopting this standard, other circuits that have considered the issue have, *see Provident Life*, 176 F.R.D. at 466 (canvassing case law), and both sides rely upon the *Provident Life* framework in their respective briefs.

**6.** Although this sixth factor is listed among those that weigh in favor of allowing the use of a pseudonym, we believe that a plaintiff's illegitimate motive would weigh *against* granting the request.

there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated," [7] *id.* at 468;

(h) Applying these factors to the instant case, we conclude that plaintiff's use of a pseudonym is justified;

■ (i) First of all, plaintiff has taken steps to keep her identity confidential and states that "some of [her] own close family and friends are not aware of the circumstances giving rise to this lawsuit," Pl.'s Mot. at 3;

(j) Second, we find that plaintiff's fear of increased embarrassment, humiliation, and emotional distress should her friends and business associates learn of these events is well-founded;

(k) Third, the public has an interest in protecting the identities of sexual assault victims so that other victims will feel more comfortable suing to vindicate their rights, especially where law enforcement officers are involved;

(*l*) Fourth, although the public certainly has an interest in the *issues* Mary Doe's complaint raises, protecting her identity will not impede the public's ability to follow the proceedings; [8]

(m) As for the factors that weigh against the use of a pseudonym, although the public has a strong interest in the subject matter of the case, plaintiff's privacy interest, in this instance, outweighs the public's need to know her identity; [9]

(n) Accordingly, we will allow plaintiff to proceed using a pseudonym; [10]

■ (*o*) With respect to plaintiff's request for a protective order, Fed. R. Civ. P. 26(c) provides, in relevant part, that "for good cause shown, the court in which the action is pending ... may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense";

■ (p) "Good cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure. The injury must be shown with specificity," *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir.1994);

(q) Although plaintiff's privacy interest in limiting the potential inadvertent disclosure of her name justifies her proceeding under a pseudonym [11], with respect to her proposed protective order, the answering defendants have articulated specific, legitimate concerns regarding their ability to conduct discovery with such an order in place; [12]

(r) Furthermore, although plaintiff has demonstrated a general privacy interest sufficient to proceed using a pseudonym, she has not articulated a serious, specific injury sufficient to justify a protective order;

(s) We note, moreover, that the other two plaintiffs, Nancy Doe and L.H., are proceed-

---

7. As with n. 6, supra, we note that the third factor actually weighs in *favor* of allowing the use of a pseudonym.

8. The fifth factor weighs against plaintiff because she has not suggested that she would drop the case were we to deny her request. The sixth factor weighs in her favor, as we perceive no "illegitimate ulterior motive" in the plaintiff's request.

9. We hasten to add that we have no reason to doubt that defendants' opposition is made in good faith.

10. Although we will allow plaintiff to continue using the name "Mary Doe" in pleadings and in open court, she must disclose her identity to the defendants. We understand that without an accompanying protective order, plaintiff's ability to remain anonymous is limited. Nevertheless, our

decision affords plaintiff some degree of confidentiality.

11. In this respect we grant her no greater right than the other two plaintiffs in the related action who are, evidently through consent, proceeding under a fictitious name. Notably, those two plaintiffs, "Nancy Doe" and "L.H.", have disclosed their true names to the defendants.

12. For example, the proposed protective order requires defendants first to show the protective order to every prospective witness and gain that witness's promise to adhere to it before conducting an interview (in which plaintiff's identity would be disclosed). Answering defendants persuasively argue that such a protective order would chill their ability to conduct discovery.

ing against the same defendants without the benefit of a protective order, and in light of the reality that discovery is consolidated, there is some benefit to imposing comparable boundaries with respect to all of the parties;[13]

(t) Accordingly, while plaintiff may proceed using a pseudonym, absent a particularized showing of harm, we will deny her motion for a protective order;[14]

It is hereby ORDERED that:

1. The motion is GRANTED IN PART and DENIED IN PART;

2. Plaintiff may proceed using a pseudonym, but must disclose her identity to the defendants; and

3. Plaintiff's request for a protective order is DENIED.

---

**13.** Arguably, plaintiff L.H., as a minor, would have an even greater privacy interest than Mary Doe.

**14.** Although we are denying plaintiff's request for a protective order at this time, we expect the defendants to remain sensitive to plaintiff's desire for anonymity and encourage the parties discuss ways in which to accomplish this goal.