PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
———

No. 10-4110
———

JOHN DOE,
                    Appellant

v.

THOMAS MEGLESS; RONALD M. FONOCK;
UPPER MERION AREA SCHOOL DISTRICT;
UPPER MERION AREA SCHOOL DISTRICT
BOARD OF DIRECTORS;
UPPER MERION TOWNSHIP
———

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-10-cv-01008)
District Judge:  Honorable Juan R. Sánchez
———

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 24, 2011

Before:  FUENTES, FISHER
and NYGAARD, *Circuit Judges*.

(Filed: August 1, 2011)

Neil E. Botel
Gerard K. Schrom
Schrom & Shaffer
4 West Front Street
Media, PA  19063
        *Counsel for Appellant*

Scott M. Badami
Fox Rothschild
10 Sentry Parkway, Suite 200
P.O. Box 3001
Blue Bell, PA  19422

Bonnie A. Young
Fox Rothschild
2000 Market Street, 20th Floor
Philadelphia, PA  19103
        *Counsel for Appellees, Thomas Megless,*
        *Upper Merion Area School District, and*
        *Upper Merion Area School District*
        *Board of Directors*

Andrew J. Bellwoar
Susan L. DiGiacomo
Siana, Bellwoar & McAndrew
941 Pottstown Pike, Suite 200
Chester Springs, PA  19425
        *Counsel for Appellees,Upper Merion*
        *Township and Ronald F. Fonock*

2

———

OPINION OF THE COURT

———

FISHER, *Circuit Judge*.

John Doe appeals an order of the United States District Court for the Eastern District of Pennsylvania dismissing his claims against public officials and local government entities pursuant to Federal Rule of Civil Procedure 41(b). He claims the District Court abused its discretion by denying his motion to proceed anonymously and, when he failed to proceed using his real name, by dismissing his claims with prejudice. For the reasons stated below, we will affirm.

I.

This case centers on whether the District Court's decision to require Doe to litigate under his own name or face dismissal constituted an abuse of the District Court's discretion.

Doe's underlying claims are based on an email sent by Thomas Megless, Security Director of Upper Merion School District, and Ronald Fonock, Chief of Police of Upper Merion Township, to a distribution list of public officials and private citizens instructing them "if you see this person in or around the district schools, please contact the police." (App. at A72-73.) The email allegedly included a flyer attachment, which used Doe's real name and stated: "[Doe] has been known to hang around schools in Upper Merion and other townships.

3

He has not approached any kids at this point. [Doe]'s mental status is unknown. If seen stop and investigate." (*Id.* at A73.) The email contained his picture, his home address, the make, model, and license plate number of his vehicle, and his Pennsylvania driver's license number. He asserts that the email was intended to (1) characterize him as a dangerous and potentially mentally unstable pedophile,[1] (2) authorize all recipients to stop and detain Doe on sight, and (3) authorize all recipients to investigate him.

Doe filed a complaint against Megless, Fonock, the Upper Merion Area School District, the Upper Merion Area School District Board of Directors, and Upper Merion Township (collectively the "Township"). He asserted several causes of action based on the sending and distribution of the email and flyer pursuant to 42 U.S.C. § 1983. He alleged that the Township (1) deprived him of his freedom of movement, (2) illegally seized his personal records, (3) violated his right to privacy, (4) conspired, and (5) failed to train, supervise and discipline agents.

In addition to his complaint, Doe filed a motion to proceed anonymously and an amended complaint. The Township filed a motion in opposition. The District Court denied his motion to proceed anonymously and directed him to file a complaint under his real name no later than August 20, 2010. The District Court advised Doe that failure to comply would result in dismissal of the action with prejudice. Despite the District Court's warning, the deadline passed, and

---

[1] Neither the email nor the flyer used the word pedophile; the word was first used in Doe's complaint.

4

Doe conveyed his intention not to file a complaint under his real name. On September 22, 2010, the District Court granted the Township's motion to dismiss Doe's amended complaint pursuant to Fed. R. Civ. P. 41(b). Doe filed a timely notice of appeal.

## II.

The District Court had subject matter jurisdiction pursuant to 18 U.S.C. §§ 1331 and 1343, and we have jurisdiction pursuant to 28 U.S.C. § 1291. We review a district court's decision to deny a plaintiff permission to proceed anonymously for abuse of discretion. *Doe v. C.A.R.S. Protection Plus, Inc.*, 527 F.3d 358, 371 n.2 (3d Cir. 2008). "An abuse of discretion arises when the district court's decision 'rests upon a clearly erroneous finding of fact, an errant conclusion of law or an improper application of law to fact.'" *Oddi v. Ford Motor Co.*, 234 F.3d 136, 146 (3d Cir. 2000) (quoting *Hanover Potato Prods., Inc. v. Shalala*, 989 F.2d 123, 127 (3d Cir.1993)).

> "An abuse of discretion can also occur when no reasonable person would adopt the district court's view. We will not interfere with the district court's exercise of discretion unless there is a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors."

*Id.* (internal quotation marks and citations omitted).

Doe asserts that the District Court abused its discretion by denying his motion to proceed anonymously and by subsequently dismissing his claims. We address each issue in turn.

## III.

"[O]ne of the essential qualities of a Court of Justice [is] that its proceedings should be public." *Daubney v. Cooper*, 109 Eng. Rep. 438, 441 (K.B. 1829); *Nixon v. Warner Cmmc'n, Inc.*, 435 U.S. 589, 598-99 (1978). Rule 10(a) requires parties to a lawsuit to identify themselves in their respective pleadings. Fed. R. Civ. P. 10(a); *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992). Courts have explained that Federal Rule of Civil Procedure 10(a) illustrates "the principle that judicial proceedings, civil as well as criminal, are to be conducted in public." *Doe v. Blue Cross & Blue Shield United*, 112 F.3d 869, 872 (7th Cir. 1997). "Identifying the parties to the proceeding is an important dimension of publicness. The people have a right to know who is using their courts." *Blue Cross*, 112 F.3d at 872; Fed. R. Civ. P. 10(a). And, defendants have a right to confront their accusers. *See S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979). A plaintiff's use of a pseudonym "runs afoul of the public's common law right of access to judicial proceedings." *Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000).

While not expressly permitted under Federal Rule of Civil Procedure 10(a), in exceptional cases courts have allowed a party to proceed anonymously. *See*, *e.g*., *C.A.R.S.*,

527 F.3d at 371 n.2. That a plaintiff may suffer embarrassment or economic harm is not enough. *Id.* Instead, a plaintiff must show "both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable." *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1043 (9th Cir. 2010). Examples of areas where courts have allowed pseudonyms include cases involving "abortion, birth control, transexuality, mental illness, welfare rights of illegitimate children, AIDS, and homosexuality." *Doe v. Borough of Morrisville*, 130 F.R.D. 612, 614 (E.D. Pa. 1990).

While we have affirmed district courts' decisions on motions to proceed anonymously, we have never set out a test for courts to apply to determine if a litigant's reasonable fear of severe harm outweighs the public's interest in open judicial proceedings. *C.A.R.S.*, 527 F.3d at 371 n.2. Many of our sister courts of appeals have provided such guidance. *See*, *e.g.*, *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189-90 (2d Cir. 2008); *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004); *Advanced Textile Corp.*, 214 F.3d at 1068; *M.M. v. Zavaras*, 139 F.3d 798, 803 (10th Cir. 1998); *James v. Jacobson*, 6 F.3d 233, 242 (4th Cir. 1993); *Frank*, 951 F.2d at 323; *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. Unit A 1981). When a litigant sufficiently alleges that he or she has a reasonable fear of severe harm from litigating without a pseudonym, courts of appeals are in agreement that district courts should balance a plaintiff's interest and fear against the public's strong interest in an open litigation process. *Sealed Plaintiff*, 537 F.3d at 189-90; *Porter*, 370 F.3d at 560; *Advanced Textile Corp.*, 214 F.3d at 1068; *Zavaras*, 139 F.3d at 803; *Jacobson*, 6 F.3d at 242; *Frank*, 951 F.2d at 323;

7

*Stegall*, 653 F.2d at 186. While the courts of appeals have agreed that district courts should apply a balancing test, each case presents a slightly different list of factors for courts to consider.[2] While one could conclude that there is a conflict as

---

[2] *Compare Sealed Plaintiff*, 537 F.3d at 190 (directing courts to consider (1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical harm or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff) *with Advanced Textile Corp.*, 214 F.3d at 1068 (directing courts to consider (1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; (3) the anonymous party's

a result of the different factors, each court has agreed that their list of factors is not exhaustive. *See*, *e.g.*, *id.* Further, each court agrees that the purpose of the balancing test is to allow a district court to determine whether a litigant has a reasonable fear of severe harm that outweighs the public's interest in open litigation. *Kamehameha Schools*, 596 F.3d at 1043.

Courts within our circuit have been balancing these competing interests for the last fifteen years without our guidance. *See*, *e.g.*, *Doe v. Evans*, 202 F.R.D. 173, 175 (E.D. Pa. 2001). They have primarily relied on a test for the use of pseudonyms set forth in *Doe v. Provident Life and Acc. Ins. Co.*, 176 F.R.D. 464, 467 (E.D. Pa. 1997). That case set forth a non-exhaustive list of factors to be weighed both in favor of anonymity and also factors that favor the traditional rule of openness. *Id.* The factors in favor of anonymity included:

> "(1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or

vulnerability to such retaliation; (4) the prejudice to the opposing party; (5) whether the proceedings can be structured to mitigate that prejudice; and (6) whether the public's interest would be best served by requiring the litigants to reveal their identities).

9

otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives."

*Id.* at 467-68. On the other side of the scale, factors disfavoring anonymity included:

"(1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated."

*Id.* The *Provident Life* Court noted that its list of factors is not comprehensive, and that trial courts "will always be required to consider those [other] factors which the facts of the particular case implicate." *Id.* at 468. District courts have applied these nine factors successfully and without further guidance. *See*, *e.g.*, *Doe v. United Behavioral Health*, No. 10-5192, -- F.R.D. ---, 2010 WL 5173206 at *2 (E.D. Pa. Dec. 10, 2010); *F.B. v. East Stroudsburg Univ.*, No. 3:09cv525, --F.R.D.---, 2009 WL 2003363 at *2 (M.D. Pa.

10

July 7, 2009); *Doe v. Hartford Life and Acc. Ins. Co.*, 237 F.R.D. 545, 548 (D.N.J. 2006); *Evans*, 202 F.R.D. at 175-76. As district courts have been able to apply the *Provident Life* test and it does not conflict with the tests that have been adopted by our sister circuits, we see no value in upsetting its application. Accordingly, we endorse it.

Here, the District Court did not abuse its discretion in concluding that Doe would not suffer substantial harm that might sufficiently outweigh the public interest in an open trial. It correctly applied the *Provident Life* test. *Doe v. Megless*, 2010 WL 3076246, at \*2 (E.D. Pa. Aug. 5, 2010). Because the flyer neither accused Doe of criminal behavior or mental illness, nor disclosed highly sensitive personal information, he did not demonstrate that disclosing his identity would cause him substantial "irreparable harm." *Id.* at \*3.

Addressing each factor in order, first, has the identity of the litigant been kept confidential? At no point has Doe's identity been confidential. As the District Court recognized, "The flyer which forms the basis of Plaintiff's complaint [], reveals his identity to the public. It was sent to many Upper Merion residents, and countless people in the community viewed it." *Id.* at \*5. We note that this is not a situation where an opposing litigant publicized the identity of a party that wished to remain confidential with the intention of defeating a motion to proceed anonymously. Second, what harm is the litigant seeking to avoid, and is the litigant's fear reasonable? Doe fears that if others learn of his identity, they will believe that he is a pedophile. As the District Court noted, "[w]hile there are social stigmas attached to pedophilic

11

behavior, whether Plaintiff is a pedophile is not at issue here. Instead, the question is whether Defendants can be liable for distributing a flyer stating Plaintiff was acting suspiciously in the vicinity of schools." *Id.* at 6. Further, to the extent that the flyers publicly accused him of being a pedophile, litigating publicly will afford Doe the opportunity to clear his name in the community. Litigating publicly will not contribute further to the harm that he alleges has already occurred. Third, if this litigant is forced to reveal his or her name, will other similarly situated litigants be deterred from litigating claims that the public would like to have litigated? There is no evidence that requiring Doe to disclose his name will deter other similarly situated plaintiffs from suing in the future. As the District Court recognized, there is no allegation that falsely created suspicious persons alerts are a widespread problem in Upper Merion. *Id.* Fourth, are the facts not relevant to the outcome of the claim? Doe's claim is not a purely legal claim. As the District Court recognized, "[t]his case is fact-sensitive because Plaintiff alleges Defendants illegally seized his department of motor vehicle data and prevented his freedom of movement in the community." *Id.* Fifth, will the claim be resolved on its merits if the litigant is denied the opportunity to proceed using a pseudonym, or will the litigant potentially sacrifice a potentially valid claim simply to preserve their anonymity? The fifth factor weighs in Doe's favor. Doe argued that the public is harmed when alleged abuses of power by public officials go unchallenged because plaintiffs fear litigating publicly. The District Court recognized that this position has merit. *Id.* at 7. We too recognize that it has merit, however, a plaintiff's stubborn refusal to litigate openly by itself cannot

12

outweigh the public's interest in open trials. Sixth, is the litigant seeking to use a pseudonym for nefarious reasons? There is no allegation that Doe has an illegal or ulterior motive in his desire to hide his name. Only the fifth factor weighs in favor of allowing Doe to proceed anonymously.

Turning to the next grouping of factors, first, we must acknowledge the thumb on the scale that is the universal interest in favor of open judicial proceedings. There is universal public interest in access to the identities of litigants. This weighs in favor of disclosing Doe's identity. Second, does the subject of the litigation heighten the public's interest? Here, interest "is heightened because Defendants are public officials and government bodies." *Id.* This factor supports disclosure of Doe's identity. Finally, is the party opposing the use of a pseudonym doing so based on nefarious reasons? Here, the District Court concluded that the Township did not have illegitimate ulterior motives. *Id.* There is nothing in the record to suggest otherwise.

Having reviewed the factors, we cannot conclude that no reasonable person would agree with the District Court's decision to deny Doe's motion to proceed anonymously. Accordingly, the District Court did not abuse its discretion in denying Doe's motion to proceed anonymously.

## IV.

Doe further claims the District Court erred by granting the Township's motion for dismissal. We review a District Court's dismissal of a plaintiff's claim pursuant to R. Civ. P.

13

41(b) for an abuse of discretion.[3] *Briscoe v. Klaus*, 538 F.3d 252, 257 (3d Cir. 2008) (citing *Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002)).

The District Court offered two bases for granting the Township's motion for dismissal: failure to prosecute and a balancing of the *Poulis* factors. *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984). Either basis was sufficient.

First, Doe refused to proceed in accordance with the District Court's orders. "A party disappointed with a court's ruling may not refuse to proceed and then expect to obtain relief on appeal from an order of dismissal or default." *Spain v. Gallegos*, 26 F.3d 439, 454 (3d Cir. 1994); *see also Guyer v. Beard*, 907 F.2d 1424, 1430 (3d Cir. 1990) ("[Plaintiff's] position made adjudication of the case impossible. Therefore, any lesser sanction would not have furthered the interests of justice."). The District Court did not clearly err in determining that "[b]ecause Doe's conduct makes adjudication of the case impossible, dismissal pursuant to Rule 41(b) is appropriate, even without consideration of the *Poulis* factors." (App. at A14.)

Additionally, district courts ordinarily balance six factors prior to dismissing a case pursuant to Rule 41(b): (1) the party's personal responsibility; (2) the prejudice to the adversary; (3) a history of dilatoriness; (4) willfulness or bad

---

[3] "Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b).

14

faith; (5) the availability of alternative sanctions; and (6) the merit of the claim or defense. *Poulis*, 747 F.2d at 868. "[N]ot all of the *Poulis* factors need be satisfied in order to dismiss a complaint." *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992). We recognize that dismissals with prejudice are "drastic sanctions." *Poulis*, 747 F.2d at 867. However, the District Court did not clearly err in finding that five of the six factors weighed in favor of dismissal--each factor except history of dilatoriness. (App. at 14.) The District Court found that Doe was personally responsible for willfully obstructing the proceedings, thereby prejudicing the defendants, leaving the District Court with no alternative, and preventing the parties from reaching the merits of Doe's claims. Moreover, the District Court provided ample warning that failure to comply would likely result in dismissal.

In sum, the District Court provided two independently sufficient reasons for dismissing Doe's claims: Doe refused to prosecute in compliance with court orders and the relevant factors favored dismissal. The District Court did not abuse its discretion by dismissing Doe's claims pursuant to Federal Rule of Civil Procedure 41(b).

V.

Accordingly, we will affirm the order of the District Court.

15