NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————————

No. 16-3090

————————

UNITED STATES OF AMERICA

v.

CLIFFORD WARES,
                    Appellant

————————

Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal Action No. 2-15-cr-00570-001)
District Judge: Honorable Esther Salas

————————

Submitted Under Third Circuit LAR 34.1(a)
May 8, 2017

Before: AMBRO, RESTREPO, and NYGAARD, Circuit Judges

(Opinion filed: May 17, 2017)

————————

OPINION[*]

————————

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

AMBRO, Circuit Judge

Defendant Clifford Wares was convicted of possessing child pornography. He contends that the District Court abused its discretion in four ways: (1) by denying his motion to sever the claims of each victim into two separate trials; (2) by admitting evidence of statements he made to his victims regarding bestiality and evidence of a prior crime; (3) by denying his motion to use a pseudonym at trial; and (4) by imposing a sentence of life imprisonment. We disagree and thus affirm.

## I. Background

Wares is a sexual predator who used social media to manipulate and coerce his underage victims. His first victim accepted a Facebook "friend request," supposedly from her classmate but actually from Wares masquerading as a fourteen-year-old girl. The victim began communicating directly with Wares via text message and email. She told him that she was 13 years old, and he requested photographs of her: first clothed, then nude, then pornographic. Wares told her that he wanted to have sex with her and continued to communicate with her in a sexually explicit nature for several months. He also indicated that he wanted her to fornicate with his dog. After the teenager declined to have sex with Wares and his dog on several occasions, Wares began harassing her on social media under fake accounts and threatened to expose the pornographic images of her that she had sent. She eventually told her father of the harassment, who then reported Wares to the police.

Wares also communicated with his second victim through a social media website. When the girl told Wares that she was 14, he told her that he was 25 when actually he was 39 at the time. After briefly communicating online, Wares enticed her to meet near an elementary school in West Milford, New Jersey, where he groped her vagina and forced her to perform oral sex on him twice. He continued to communicate with her thereafter and expressed an interest in watching her have sex with a dog. When the two met again at the elementary school, Wares brought a dog for the teenager that she took and departed. Later that night, Wares texted her demanding to know why she left and also threatened to kill the dog. Wares continued to harass the second victim with sexually explicit messages that eventually escalated into threats (for example, that he would tell her classmates that she engaged in bestiality).

Wares was arrested in November 2011 in a park where he was living in a tent. He was found with a notebook containing a list of approximately 500 names of his victims' Facebook friends. He was indicted with six charges: production of child pornography, in violation of 18 U.S.C. § 2251(a); two counts of online enticement of a minor to engage in criminal sexual activity, in violation of 18 U.S.C. § 2422(b); two counts of interstate extortionate threats, in violation of 18 U.S.C. § 875(d); and interstate travel to engage in illicit sexual conduct, in violation of 18 U.S.C. § 2423(b). Prior to trial, he sent both victims a series of letters to intimidate them not to testify against him. A jury convicted Wares on all six counts. At sentencing, he expressed no remorse, spat blood at a victim, and showed his middle finger to the Court. He was given a life sentence, which was within the Guidelines range.

**II. Analysis**

First, Wares challenges the District Court's denial of his motion to sever the two sets of charges as they related to each victim into separate trials. We review a ruling on a severance motion for abuse of discretion. *United States v. Walker*, 657 F.3d 160, 170 (3d Cir. 2011) (citations omitted). "A district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of [a] defendant[], or prevent the jury from making a reliable judgment about guilt or innocence." *United States v. Urban*, 404 F.3d 754, 775 (3d Cir. 2005) (quoting *Zafiro v. United States,* 506 U.S. 534, 539 (1993)) (alteration omitted). "The public interest in judicial economy favors joint trials where the same evidence would be presented at separate trials . . . ." *United States v. Eufrasio*, 935 F.2d 553, 568 (3d Cir. 1991) (citing *United States v. De Peri*, 778 F.2d 963, 984 (3d Cir. 1985)).

Wares argues that because his offenses against each victim were "almost identical," no juror could compartmentalize each, creating unfair prejudice. We disagree. While two of the charges pertained to each victim, he was also charged with individual and unique single counts of production of child pornography as to one and interstate travel to engage in illicit sexual conduct as to the other. The evidence presented at trial proving his guilt for these two separate charges was distinct. The first victim testified that Wares instructed her to pose for pornographic images. The second victim testified that she met Wares in person, traveled with him to a park, and was forced to engage in sexual conduct with him. This testimonial evidence is notable and different such that no juror could fail to differentiate the two victims and fail to compartmentalize the charges

4

as they pertained to each. There is even dissimilar evidence for each count of the identical charges. Regarding the online enticement of a minor charges, he discussed bestiality with the first victim over the internet but actually met the second victim and gave her a dog in the hope of fulfilling his desire to watch her fornicate with the animal. Regarding the charges of interstate extortionate threats, those against the first victim involved disseminating her nude pictures, while those directed to the second victim focused on telling her friends that she engaged in bestiality and also that he would kill the dog.

Despite the different evidence presented as to the distinct crimes against each victim (so much so that the jury would not be confused as to which victim suffered which crime), there was also duplicative evidence related to both victims that would have been presented at two separate trials. There is a strong interest in judicial economy favoring a single trial in such circumstances. *See Eufrasio*, 935 F.2d at 568. Here, there was a substantial overlap of evidence that would have been repeated unnecessarily had there been a severance, the lack of which did not create an undue prejudice against Wares. Therefore, the District Court did not abuse its discretion by denying severance.

Second, Wares argues that the District Court abused its discretion by admitting evidence of Wares' past convictions. He contends that admitted evidence of communications regarding bestiality and his prior confessed criminal sexual abuse of a 15-year-old girl from 2009 were both unduly prejudicial under Fed. R. Evid. 403 and the latter was improperly admitted under Fed. R. Evid. 404(b). Assuming in Wares' favor that this evidentiary claim was properly preserved (which the parties dispute), we review

5

it for abuse of discretion. *United States v. Moore*, 375 F.3d 259, 262 (3d Cir. 2004). When a district court rules under Fed. R. Evid. 404(b), we will only reverse that ruling when it is "clearly contrary to reason and not justified by the evidence." *United States v. Balter*, 91 F.3d 427, 437 (3d Cir. 1996), *as amended* (Aug. 16, 1996) (citing *United States v. Bethancourt*, 65 F.3d 1074, 1079 (3d Cir.1995)). We will reverse a district court's Fed. R. Evid. 403 ruling when the reasoning "is not apparent from the record," *United States v. Smith*, 725 F.3d 340, 348 (3d Cir. 2013) (quotation omitted), and the court should be given substantial discretion in making those decisions, *United States v. Universal Rehab. Servs. (PA), Inc.*, 205 F.3d 657, 665 (3d Cir. 2000).

The District Court here did not abuse its discretion by admitting evidence of Wares' communications with the victims about bestiality because its prejudicial effect did not substantially outweigh its probative value under Fed. R. Evid. 403. His communications with his second victim regarding bestiality—including evidence that he met with her and gave her a dog—carries considerable probative value for Count Six of his indictment: interstate travel to engage in illicit sexual conduct. Further, statements that Wares made to both victims encouraging them to have sex with him and a dog were relevant to prove the two counts of online enticement of a minor to engage in criminal sexual activity. The District Court's admission of this evidence was justified by the evidence presented and was not "clearly contrary to reason."

Nor did the District Court abuse its discretion in admitting evidence of Wares' 2009 confessed crime. Federal Rule of Evidence 404(b) allows admission of previous crimes, wrongs, or other bad acts for the purpose of "proving motive, opportunity, intent,

6

preparation, plan, knowledge, *identity,* absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2) (emphasis added). Evidence of a prior crime may be admitted if the method (or *modus operandi*) of committing the prior crime is so distinctive as to constitute a signature. *Becker v. ARCO Chem. Co.*, 207 F.3d 176, 197–98 (3d Cir. 2000). Here, the evidence from both the 2009 crime and ones before us are so similar as to the *modus operandi* and thus prove identity. In all instances, Wares communicated with his victims through distinctive social media identities, was told by the victims that they were juveniles, created multiple fraudulent social media accounts under his victims' identities, and threatened the victims with verbal abuse, physical harm, and social humiliation if they failed to comply with his requests and demands. Thus, the evidence of the 2009 sexual abuse was properly admitted as Fed. R. Evid. 404(b) evidence.

Third, Wares argues that the District Court abused its discretion in denying his motion to use a pseudonym at trial. The public has a common law right of access to judicial proceedings in both civil and criminal trials. *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011). A defendant's right to the use of a pseudonym should only be granted in "unusual" or "exceptional" cases where it is necessary to protect an individual from injury or harassment. *United States v. Doe*, 488 F.3d 1154, 1155-56 n.1 (9th Cir. 2007); *see also United States v. Stoterau*, 524 F.3d 988, 1012-13 (9th Cir. 2008). Here, Wares' risk of injury or harassment does not outweigh the interest in using his real name. Much of the evidence at trial related to communications between the victims and an individual named either "Cliff" (Wares' first name) or some such variation of it. Allowing Wares a pseudonym at trial would hinder the evidentiary connection between the defendant and

the person with whom the victims were communicating.  Therefore, Wares has not demonstrated that use of his name will cause him such harm as to justify use of a pseudonym.

Fourth, Wares argues that his life sentence in reliance on a sentencing memorandum filed with the District Court is excessive.  A party challenging the substantive unreasonableness of a sentence must show that "no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc).  Reasonableness is determined by whether the District Court rationally and meaningfully considered the 18 U.S.C. § 3553(a) factors.  *Id.*  Here, because life imprisonment was within the Guidelines range and the Court properly considered Wares' sentencing memorandum, the sentence was not substantively unreasonable, and the Court did not abuse its discretion in imposing it.

In this context, we affirm Wares' convictions and his sentence.