**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 19-1376

_____

UNITED STATES OF AMERICA; STATE OF CALIFORNIA;
STATE OF COLORADO; STATE OF CONNECTICUT; STATE OF DELAWARE;
STATE OF FLORIDA; STATE OF GEORGIA; STATE OF HAWAII; STATE OF
ILLINOIS; STATE OF INDIANA; STATE OF IOWA; STATE OF LOUISIANA;
STATE OF MARYLAND; STATE OF MONTANA; STATE OF NEVADA; STATE
OF NEW HAMPSHIRE; STATE OF NEW JERSEY; STATE OF NEW MEXICO;
STATE OF NEW YORK; STATE OF NORTH CAROLINA;
STATE OF OKLAHOMA; STATE OF RHODE ISLAND; STATE OF TENNESSEE;
STATE OF TEXAS; STATE OF WASHINGTON; STATE OF WISCONSIN;
COMMONWEALTH OF VIRGINIA; and DISTRICT OF COLUMBIA
ex rel. JANE AND JOHN DOE

v.

JANSSEN THERAPEUTICS, a division of Janssen Products, L.P., previously
d/b/a Tibotec Therapeutics, division of Centocor Ortho Biotech
Products, L.P.; JANSSEN PRODUCTS L.P., and; JOHNSON & JOHNSON, INC.

JANE DOE; JOHN DOE,

Appellants

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(District Court No. 2-14-cv-06131)
District Judge:  Honorable Nitza I. Quinones Alejandro

_____

Argued on November 13, 2019

Before:  JORDAN, SCIRICA and RENDELL, Circuit Judges

Christopher L. Nelson [Argued]
The Weiser Law Firm
22 Cassatt Avenue
Suite 100
Berwyn, PA   19312

                    Counsel for Appellant

Abigail A. Hazlett  [Argued]
Michael A. Schwartz
Pepper Hamilton
Suite 3000
3000 Two Logan Square
18th and Arch Streets
Philadelphia, PA  19103

                    Counsel for Appellee

---

O P I N I O N*

---

**RENDELL**, Circuit Judge:

Jane Doe and John Doe (the "Doe Relators") filed a *qui tam* complaint (the "Original Complaint") under seal and under their actual names against Janssen Therapeutics, Janssen Products, LP, and Johnson & Johnson, Inc. ("Defendants") alleging that Defendants had submitted false claims to federal and state governments in relation to marketing and sales of one of Defendants' pharmaceutical products.  After the lawsuit proceeded for several years, the Doe Relators moved to amend the sealed Original Complaint to replace their real names with the pseudonyms John Doe and Jane

---

\* This disposition is not an opinion of the full Court and under I.O.P. 5.7 does not constitute binding precedent.

Doe. The District Court granted their motion and the Doe Relators filed the Amended Complaint. About a week later, the United States filed a notice of election to decline intervention, requested the Amended Complaint be unsealed, and requested the Original Complaint remain sealed. The District Court granted this relief. The Doe Relators then voluntarily dismissed their case. A year after the lawsuit was dismissed, Janssen Products, LP ("Janssen") filed a motion to unseal the Original Complaint. The District Court, applying the standard for motions to proceed anonymously that we endorsed in *Doe v. Megless*, 654 F.3d 404 (3d Cir. 2011), granted Janssen's motion.

We conclude that the applicable standard to Janssen's motion is our standard for motions to seal or unseal judicial records. *See In re Cendant Corp.*, 260 F.3d 183 (3d Cir. 2001). Accordingly, we will vacate the District Court's judgment and remand to the District Court to evaluate Janssen's motion under this standard.

## I.[1]

The Doe Relators initiated this action by filing the Original Complaint under their actual names and under seal alleging that Defendants violated the False Claims Act, 31 U.S.C. § 3729, *et seq*., and analogous state statutes. The Doe Relators alleged that Defendants violated federal and state law by promoting off-label use of two HIV medications and submitting related false claims to the United States and state governments. No summonses were issued, and the Original Complaint was never served on any of the Defendants.

---

[1] Because we write for the parties, who are familiar with the facts and the procedural posture to date, we only include what is necessary to explain our decision.

3

After the case proceeded under seal for more than two years, the Doe Relators were informed that they were not the first relators to file a *qui tam* lawsuit against Janssen stemming from the allegations in the Doe Relators' Original Complaint. In response, the Doe Relators moved the District Court for leave to amend their Original Complaint. The District Court granted the Doe Relators' motion for leave to amend, and the Doe Relators filed their Amended Complaint under seal shortly thereafter. The Amended Complaint was exactly the same as the Original Complaint with one exception: the Amended Complaint replaced each mention of the Doe Relators' actual names with the pseudonyms Jane Doe or John Doe.

After the Amended Complaint had been filed, the United States filed a Notice of Election to Decline Intervention in which the government requested that the Amended Complaint and the Notice of Election to Decline Intervention be unsealed but that all other contents of the docket remain under seal. The District Court granted the government's motion and the Amended Complaint was accordingly unsealed. The Original Complaint remained under seal. The Doe Relators subsequently voluntarily dismissed their suit.

A year after the Doe Relators' *qui tam* lawsuit was dismissed, Janssen filed a motion in the case asking the District Court to unseal the Original Complaint. The District Court granted the motion in a sealed seven-page memorandum opinion. The District Court ruled that our opinion in *Doe v. Megless*, 654 F.3d 404 (3d Cir. 2011), governed Janssen's motion, and that the *Megless* test favored unsealing the Doe Relators'

Original Complaint.[2]  The District Court ordered that the Original Complaint remain under seal for forty-five days.  Before the Original Complaint was unsealed, the Doe Relators timely appealed.

## II.[3]

"We review de novo a legal standard applied by a district court."  *Neale v. Volvo Cars of N. Am., LLC*, 794 F.3d 353, 358 (3d Cir. 2015) (quoting *Carrera v. Bayer Corp.*, 727 F.3d 300, 305 (3d Cir. 2013)).

## III.

### A.  *In re Cendant Corp.* applies to Janssen's motion to unseal the Original Complaint.

The Doe Relators argue that the *Megless* standard does not apply to Janssen's motion to unseal the Original Complaint.  We agree.

#### 1.  The *Megless* and *In re Cendant Corp.* Standards

In *Doe v. Megless*, we set out the test—applied by the District Court in this case—that applies when a litigant moves to proceed anonymously, usually under a pseudonym.  *Megless*, 654 F.3d at 408.  We noted that, to prevail on such a motion, "a plaintiff must show 'both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable.'"  *Id.* (quoting *Doe v. Kamehameha Schs./Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1043 (9th Cir. 2010)).  We further indicated that once a litigant makes this initial

---

[2] We do not discuss the District Court's factfinding or analysis because the District Court's memorandum was filed under seal and remains under seal.

[3] The District Court had jurisdiction under 31 U.S.C. § 3732.  We have jurisdiction under 28 U.S.C. § 1291.  *See, e.g.*, *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 160–61 (3d Cir. 1993).

showing, "district courts should balance a plaintiff's interest and fear against the public's strong interest in an open litigation process." *Id*. In this balancing test, there are several factors that would favor the grant of anonymity and several that would disfavor it.[4]

When a litigant instead moves to seal or unseal judicial records, we instruct district courts to apply a different standard. In *In re Avandia Marketing, Sales Practices & Products Liability Litigation*, 924 F.3d 662 (3d Cir. 2019), we noted that "a common law right of access attaches to judicial proceedings and records" and encompasses "the right to . . . inspect and copy public records and documents, including judicial records and documents." *In re Avandia*, 924 F.3d at 672 (internal quotation marks and citations

---

[4] The factors that weigh in favor of anonymity include but are not limited to:

> (1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identit[y]; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives.

*Megless*, 654 F.3d at 409. The factors disfavoring anonymity include but are not limited to:

> (1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identit[y], beyond the public's interest which is normally obtained; and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated.

*Id*.

omitted). But "[a]lthough our courts recognize a general common law right to inspect and to copy judicial records and documents, the right is not absolute." *Littlejohn v. BIC Corp.*, 851 F.2d 673, 678 (3d Cir. 1988) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). District courts evaluating whether to deny this public access to a particular judicial record—usually by way of placing the judicial record under seal—look to our opinion in *In re Cendant Corp.*, 260 F.3d 183 (3d Cir. 2001), for the governing legal standard. *See In re Avandia*, 924 F.3d at 672.

*In re Cendant Corp.* dictates that a party seeking to overcome the presumption of access in relation to a judicial record bears the burden of showing that its interest in secrecy outweighs the presumption. *See In re Cendant Corp.*, 260 F.3d at 194. The party who seeks to seal the document must show that "the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." *Id*. (internal quotation marks omitted). "In delineating the injury to be prevented, specificity is essential. Broad allegations of harm, bereft of specific examples or articulated reasoning, are insufficient." *Id.* (internal citations omitted). The district court must then articulate the "compelling countervailing interests to be protected," make "specific findings on the record concerning the effects of disclosure," and "provide[ ] an opportunity for interested third parties to be heard." *Id.* (emphasis omitted) (quoting *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994)). "[C]areful factfinding and balancing of competing interests is required before the strong presumption of openness can be overcome by the secrecy interests of private litigants." *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 167 (3d Cir. 1993).

7

"Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Littlejohn*, 851 F.2d at 678 (quoting *Nixon*, 435 U.S. at 598).

### 2. *In re Cendant Corp.* applies to Janssen's motion to unseal the Original Complaint.

The District Court in this case was presented with and ruled on Janssen's motion to unseal the Original Complaint. Because Janssen's motion was a motion to unseal a judicial record, the standard from *In re Cendant Corp.* applies. *Megless* governs the distinct question of whether a litigant may proceed with litigation anonymously, and here the litigants had dismissed their case rendering *Megless* inapplicable. On remand, the District Court should conduct the factfinding and balancing outlined by *In re Cendant Corp.* and our related jurisprudence on this issue. In doing so, the District Court should consider whether Janssen's motion is a "vehicle for improper purposes," *Littlejohn*, 851 F.2d at 678 (quoting *Nixon*, 435 U.S. at 598), in which case the Original Complaint may appropriately remain sealed.[5]

---

[5] The District Court noted that the Doe Relators' identities are not particularly relevant to the claims asserted in their complaint. The allegations relating to those claims are already public so the issue presented is really regarding the public interest only in the Doe Relators' names, which should be balanced against the Doe Relators' allegation of harm. The Doe Relators question Janssen's motives as being improper and as evidence of a retaliatory purpose and desire to harm them. The District Court did not make any direct reference to this aspect of the issue.

**B. The District Court did not err by allowing Janssen to move to unseal the Original Complaint.**

The Doe Relators also argue that the District Court erred when it allowed Janssen to move to unseal the Original Complaint. We agree with the Doe Relators that the District Court would have been justified in requiring Janssen to move to intervene or to file a separate complaint seeking disclosure. *See Littlejohn*, 851 F.2d at 677 n.7 ("Third parties seeking access to the judicial record after the termination of an action may therefore be required to proceed by complaint or order to show cause."). But we do not conclude that the District Court's failure to require Janssen to move to intervene or file a separate complaint is a ground for reversal on appeal. *See Bank of Am. Nat'l Tr. & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 341 n.2 (3d Cir. 1986) ("It would be a needless formality to require [the moving party] to return to the district court to file a motion to intervene in the [] suit at this late date.").

## IV.

We will vacate the District Court's order and remand for further proceedings.