NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1617
_____

MARTA JO STAMPONE, Formerly known as Hieshetter;
FREDERICK STAMPONE

v.

BRITTIAN AMANN; BENJAMIN AMANN;
GRAND RAPIDS FOAM TECHNOLOGIES; JORDAN KRAMER;
DONALD J. TRUMP; PAUL L. MALONEY;
ATTORNEY GENERAL WILLIAM BARR; GRETCHEN WHITMER;
STATE OF MICHIGAN; DANA NESSEL; FADWA A. HAMMOUD;
DAVID M. MURKOWSKI; CHRISTOPHER BECKER; ROBERT GORDON;
MICHAEL TOMICH; CHARLES CLAPP; PAMELA J. CROSS; ALLIE C. SAWYER;
ANDREW CUOMO; STATE OF NEW YORK; LETITIA JAMES;
CRAIG B. THOMPSON; MEMORIAL SLOAN KETTERING CANCER
CENTER; ROBERT CAHILL; HOPICE; CHRIS WINKLE; DEBORAH ROST;
SUNRISE SENIOR LIVING INC; TINA FREESE DECKER;
SPECTRUM HEALTHCARE SERVICES INC; MARK CAMPBELL;
LOU ANDRIOTTI; VISTA SPRINGS SENIOR LIVING;
DAVE ROBINSON; ROCKFORD POLICE DEPARTMENT

FREDERICK STAMPONE,
Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-20-cv-03874)
District Judge:  Honorable Julien X. Neals
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 2, 2024

Before: SHWARTZ, RESTREPO, and FREEMAN, <u>Circuit Judges</u>

(Opinion filed: May 21, 2024)
_____

OPINION[*]
_____

PER CURIAM

In March 2020, Frederick and Marta Jo Stampone filed suit in the District Court against 35 individuals and entities alleging numerous claims, including conspiracy, kidnapping, elder abuse, and constitutional claims implicating the Fourth, Fifth, Eighth, Thirteenth, and Fourteenth Amendments. The complaint arose out of a dispute over the conservatorship and medical care of Marta Jo.[1] The crux of the complaint alleged that Marta Jo was kidnapped from Memorial Sloan Kettering Cancer Center by Amman and other family members and brought to a nursing home in Michigan where she was "enslaved, detained, [and held] prisoner." ECF No. 1 at 3, 6-7.

The District Court entered an order on March 26, 2021, dismissing the complaint with prejudice as to 24 defendants who moved to dismiss for lack of personal jurisdiction. See ECF No. 103. Five of the remaining 11 defendants also moved to

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] Marta Jo Hieshetter was declared incompetent in August 2019 by a probate judge in Michigan, where she resided. See Stampone v. Conley, No. 21-cv-2030, 2021 WL 4597065, *1 (D. Minn. Sept. 23, 2021). Her daughter, Brittan Amman (a defendant here, misspelled as "Brittian" in the complaint), was appointed guardian. Two weeks later, Marta Jo married Frederick Stampone. The marriage was later annulled, and Stampone was subsequently convicted of kidnapping Marta Jo. See id.; see also Stampone v. Lajoye-Young, No. 22-1464, 2022 WL 3651312, *1 (6th Cir. Aug. 1, 2022).

dismiss the complaint with prejudice for lack of personal jurisdiction. By order entered June 24, 2022, the District Court granted their motions.[2] See ECF No. 126. Of the six remaining defendants, only two appeared to have been properly served: Donald J. Trump and William Barr.[3] In March 2023, the District Court dismissed the complaint without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b), noting that there had been no effort to litigate the matter against Trump and Barr. See ECF No. 135. This appeal ensued.

We have jurisdiction pursuant to 28 U.S.C. § 1291. See Wynder v. McMahon, 360 F.3d 73, 76 (2d Cir. 2004) (noting the Court's "jurisdiction to consider [a challenge to a Rule 41(b) dismissal] because a dismissal without prejudice that does not give leave to amend and closes the case is a final, appealable order"). We review a dismissal for lack of personal jurisdiction de novo, see Chavez v. Dole Food Co., Inc., 836 F.3d 205, 223 n.90 (3d Cir. 2016), and a District Court's dismissal under Fed. R. Civ. P. 41(b) for abuse of discretion, see Doe v. Megless, 654 F.3d 404, 411 (3d Cir. 2011).

In response to the defendants' motions to dismiss, the Stampones had the burden to establish personal jurisdiction. See Metcalfe v. Renaissance Marine, Inc., 566 F.3d

---

[2] Stampone appealed from both orders. We dismissed the appeals for lack of jurisdiction because they were taken from non-final orders. See C.A. Nos. 21-1881 & 22-2273.

[3] The proof of service as to Trump and Barr includes the required affidavits by the process server along with certified mail receipts. See ECF Nos. 57 & 66. To properly serve Trump and Barr, the Stampones also were required to serve the United States, which in turn required them to serve the U.S. Attorney for the District of New Jersey. See Fed. R. Civ. P. 4(i)(1) & (3). There is no indication that they served the local U.S. Attorney.

324, 330 (3d Cir. 2009). We agree with the District Court that there was no basis for exercising either general or specific personal jurisdiction over the 29 defendants who moved to dismiss. See ECF Nos. 103 & 126. General jurisdiction results from "consistent and systematic" contact between a non-resident defendant and the forum state. Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 96 (3d Cir. 2004). Specific jurisdiction results where the non-resident "purposefully directed his activities at residents of the forum and the litigation results from alleged injuries that arise out of or relate to those activities." Id. (citation omitted). According to the complaint, Stampone is a resident of New Jersey and Marta Jo "[has] been living in New Jersey." ECF No. 1 at 3. The complaint alleged that the "damages happened in the states of New York, Michigan, Minnesota and Washington, D.C.," and that the defendants "live and conduct business in Michigan, New York, Virginia, California and Washington[,] D.C." Id. Given these allegations, the Stampones failed to make even a threshold showing of jurisdiction, and, because there is no conceivable basis for amending the complaint, the claims against these defendants were properly dismissed with prejudice.

As for the remaining defendants, the District Court has inherent authority to involuntarily dismiss a case for failure to prosecute under Federal Rule of Civil Procedure 41(b), but "we have repeatedly stated our preference that cases be disposed of on the merits, whenever practicable." Hritz v. Woma Corp., 732 F.2d 1178, 1181 (3d Cir. 1984). In exercising its discretion to dismiss, a district court must first consider a variety of factors, including "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to

4

discovery; (3) a history of dilatoriness; (4) whether the conduct of the party . . . was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984) (emphasis omitted). The District Court stated that it was not required to consider these factors in the Stampones' case because it was dismissing the claims *without prejudice*. But it appears that the Stampones' claims would be time-barred were they to be reasserted;[4] thus, the dismissal was effectively a dismissal with prejudice.

Nevertheless, we need not decide whether the District Court was required to conduct a Poulis analysis here because the claims were otherwise subject to dismissal. See OSS Nokalva, Inc. v. Eur. Space Agency, 617 F.3d 756, 761 (3d Cir. 2010) (recognizing that we may affirm the judgment on any grounds supported by the record, including those not reached by the District Court). The claims in the complaint against Trump and Barr were "so attenuated and unsubstantial as to be absolutely devoid of merit."[5] Hagans v. Lavine, 415 U.S. 528, 536 (1974) (citation omitted). As such, they

---

[4] In § 1983 actions, federal courts apply the forum state's limitation period for personal injury actions. See Owens v. Okure, 488 U.S. 235, 251 (1989). In New Jersey, the applicable period is two years. See Dique v. N.J. State Police, 603 F.3d 181, 185 (3d Cir. 2010) ("[A] section 1983 claim arising in New Jersey has a two-year statute of limitations."); see also N.J. Stat. Ann. § 2A:14-2(a). The Stampones' claims, which are based on events occurring in 2019 and 2020, would thus be time-barred.

[5] The complaint alleged generally that Trump and Barr were sent certified letters demanding that Marta Jo's guardianship be terminated and that the kidnapping charges against Stampone be dropped. ECF No. 1 at 12. It further alleged that Trump was sent a certified letter requesting to "Free and Protect [Marta Jo]" from her daughter and the State of Michigan. Id. Finally, the complaint stated that "President Trump is spending

were subject to dismissal for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). <u>See</u> <u>id.</u> at 536-37; <u>see also</u> ECF No. 74 (show cause order advising complaint was subject to dismissal for failure to state a claim); <u>Neiderhiser v. Borough of Berwick</u>, 840 F.2d 213, 216 n.6 (3d Cir. 1988) (noting that a federal court may sua sponte dismiss a complaint under Rule 12(b)(1) if the plaintiff had an opportunity to address the jurisdictional issue).

Based on the foregoing, we will affirm the judgment of the District Court.[6]

---

over 8 billion dollars on the Corona Virus and he is allowing the State of Michigan to kill off our United States Citizens." <u>Id.</u> at 21.

[6] Stampone's "Motion to Allow Their Complaint and Brief Filed with this Court as an Answer to All Appellees Motions and Briefs" is granted, but to the extent that motion sought the appointment of counsel, it is denied.