**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-2514
_____

MARQUITTA REGAOLO,
Appellant

v.

TARGET CORPORATION
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:25-cv-01445)
District Judge: Honorable Nitza I. Quinones Alejandro

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 20, 2026
Before: MATEY, MONTGOMERY-REEVES, and NYGAARD, *Circuit Judges*

(Opinion filed: February 3, 2026)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Marquitta Regaolo appeals pro se from the District Court's order dismissing her complaint. We will vacate and remand for further proceedings.

I.

Regaolo filed a pro se civil complaint against her former employer, Target, in the United States District for the Eastern District of Pennsylvania under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII"), raising claims of race and disability discrimination, retaliation, and a hostile work environment. Regaolo also filed a motion for appointment of counsel. Target moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), asserting that Regaolo had failed to sufficiently state a claim upon which relief could be granted. Regaolo did not file a brief in opposition to the motion, as is required by Rule 7.1(c) of the District Court's Local Civil Rules. For that reason alone, and without notice, the District Court granted Target's 12(b)(6) motion as uncontested and, with no further analysis, dismissed Regaolo's complaint. Regaolo timely appealed.[1]

II.

We conclude that the District Court abused its discretion in dismissing Regaolo's complaint for failing to oppose Target's motion. We have previously held that a district

---

[1] We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for abuse of discretion the District Court's dismissal as a sanction. *See Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002*)*; *see also Weitzner v. Sanofi Pasteur Inc.*, 909 F.3d 604, 613 (3d Cir. 2018) (explaining that "a district court's interpretation and application of its own local rules should generally be reviewed for abuse of discretion").

court may not grant a Rule 12(b)(6) motion as unopposed and dismiss a complaint "solely on the basis of [a] local rule" where, as here, the District Court did not engage in "any analysis of whether the complaint failed to state a claim upon which relief can be granted[.]" *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991). A dismissal of this kind is "a sanction for failure to comply with the local court rule," *id.*, and before a district court takes the drastic step of dismissing a complaint as a sanction, it generally must consider the relevant factors set forth in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984).[2] *See In re Asbestos Prods. Liab. Litig. (No. VI)*, 718 F.3d 236, 246 (3d Cir. 2013). The District Court failed to do so, and therefore remand is warranted. *See, e.g.*, *Livera v. First Nat'l State Bank of N.J.*, 879 F.2d 1186, 1194 (3d Cir. 1989).

We realize that "we could make our own analysis of the complaint" and, if we concluded that it failed to state a claim, we could affirm the District Court's order on that basis. *See Stackhouse*, 951 F.2d at 30. But the District Court denied Regaolo the opportunity to amend her complaint. *See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007) ("[I]n civil rights cases district courts must offer amendment—irrespective of whether it is requested—when dismissing a case

---

[2] There are exceptions to these principles—such as when a counseled party truly does not oppose a motion, *see Stackhouse*, 951 F.2d at 30, when a party fails to comply with a rule despite a specific directive to do so, *see id.*, or when a party's conduct makes adjudication of the case impossible, *see Doe v. Megless*, 654 F.3d 404, 411 (3d Cir. 2011)—but none apply here.

for failure to state a claim unless doing so would be inequitable or futile.").  Thus, we decline to adjudicate Regaolo's claims in the first instance.

IV.

For the foregoing reasons, we will vacate the District Court's dismissal and remand for further proceedings.